## PACIFIC FIRE INS. CO. v. REINER et al.

### No. 587.

District Court, E. D. Louisiana, New Orleans Division.

July 6, 1942.

Deutsch, Kerrigan & Stiles and Eberhard P. Deutsch, all of New Orleans, La., for plaintiff.

A. D. Danziger, of New Orleans, La., for defendant Morris Reiner.

Walter B. Hamlin, of New Orleans, La., for defendant Sidney Thezan.

CAILLOUET, District Judge.

The plaintiff, Pacific Fire Insurance Company, corporation citizen of New York, sues Morris Reiner and Sidney Thezan, both citizens of Louisiana and residents of the Eastern District thereof, alleging that the suit is one of a civil nature and involves an actual controversy, in which the matter in dispute exceeds, exclusive of interest and costs, the sum of $3,000.00.

The plaintiff so sues to obtain a declaratory judgment decreeing its claimed nonliability on and under its certain $20,000.-00 fire insurance policy, which it issued to defendant Reiner, a pawnbroker, on February 15, 1941.

The pawnbroker's loan office premises were ravaged by fire on December 27, 1941, "without any fault or neglect on the part of the said Reiner" (so plaintiff alleges), and there were damaged or destroyed, as a result of said fire, certain various and sundry items of personal property which then stood on deposit and in pledge with said pawnbroker, by and from more than 5,000 persons, as security for their respective individual loans.

The plaintiff alleges that each item of pledged property had a value in excess of the sum advanced against it by the pawnbroker, its insured, and that whilst plaintiff does not know the aggregate amount of excess value damaged or destroyed by the fire, such aggregate value exceeds the $20,-000.00 which the fire insurance policy carries as the maximum limit of possible liability.

Plaintiff further alleges that no liability accrued against the insurer, under the policy terms and the law of Louisiana, in favor of the insured pawnbroker or the owners of the damaged or destroyed pledged property, because Reiner "as bailee of the property" (so plaintiff contends), incurred no legal liability to the pledgors; but that Reiner, the insured pawnbroker, neverthe-less insists that the policy of fire insurance in question covers the losses suffered by the owners of the damaged or destroyed pledged property, and that he is entitled to be protected by his insurer against their respective loss claims up to the full amount of the existent $20,000.00 insurance; and whilst such owners contend that, under the policy terms, the insurer is liable for their respective losses of value in excess of that represented by the amount for which, in each instance, their personal property was pledged to the pawnbroker, as security for their respective loans.

One of the alleged great number of affected pledge debtors was and is Sidney Thezan, whose asserted claim (so his answer shows) is no more than $16.50. He is sued individually and "as representative of a class whose property was destroyed while deposited in the establishment of said Reiner, which class (the complaint thus continues) is so numerous as to make it impracticable to bring all of the members thereof before the Court". Thezan's personal interest in the controversy, plaintiff contends, is such that it "will fairly insure the adequate representation of all the members of the class in the common questions of law and fact" reflected by the complaint; which document sets out that, at least "hundreds", of the above mentioned 5,000 pledgors and more, are of the mind that plaintiff is liable for the losses which resulted to the owners of the pledged property by reason of the fire of December 27, 1941, in view of the $20,000.00 insurance policy that it issued to defendant Reiner, and, therefore, demand satisfaction and threaten suit, so that plaintiff is faced with the prospect of probable numerous suits, in various courts, and interminable and expensive litigation upon demands as to which (plaintiff contends) it is liable neither in law, in equity, nor under the terms of the Reiner policy of insurance.

The plaintiff's prayer for declaratory judgment is, substantially, that the Court decree the losses sustained by the pledgors on December 27, 1941, were not covered by the fire insurance policy of February 15, 1941, and that the plaintiff insurer is neither liable to the defendant Reiner nor to defendant Thezan, nor "to the class of persons represented by said Sidney Thezan, or to any of them, in any amount whatsoever for any loss or damage suffered as the result of said fire".

On the same day that defendant Reiner moved to dismiss plaintiff's action, defendant Thezan filed his answer, wherein neither does he admit nor deny plaintiff's allegations, in paragraph IV of its complaint, to the effect that he, Thezan, has an interest in the controversy (with reference to plaintiff's liability vel non to the insured pawnbroker and his 5,000 and more pledge debtors) of such a nature as to fairly insure the adequate representation of the whole class of Reiner pledge debtors in the judicial determination of the common questions of law and fact at issue.

■ Even if it be conceded that the pleading reflected by said paragraph IV is "simple, concise and direct", and that the averment of Thezan's interest aforementioned is such an averment as required a responsive pleading (Rule 8 (e) and 8 (d), Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c), it does not follow that this "default admission" on the part of Thezan (if admission resulted from his failure to answer the obscurely interwoven allegation) operated to establish said defendant as the lawful representative of the class of 5,000 and more Reiner pledge debtors.

The value of his interest in the subject-matter was no more than the maximum value of the claim which he asserts against the pawnbroker and said Reiner's insurer; and that is $16.50, in dollars and cents, by contrast with the no less than $19,983.50 (if not $20,000.00) in value of like claims held by the remainder of said 5,000 odd pledge debtors of the insured pawnbroker.

The Reiner motion to dismiss is to the following effect:

1. The complaint fails to state a claim against defendant upon which relief under the Declaratory Judgment Act, 28 U. S.C.A. § 400, can be granted.

2. The court is without jurisdiction over the subject-matter,

(A) because the matter in dispute, so far as concerns Sidney Thezan, movant's co-defendant and a necessary party to a suit of this nature, is below the prescribed jurisdictional amount;

(B) because said pledge debtor is not qualified to be sued as representative of his class;

(C) because said Thezan "brought a damage suit against plaintiff in the First City Court for the City of New Orleans prior to the filing of this suit"; and

(D) "because rights of the complainant are not involved,—only its obligations under the policy; and, therefore, no jurisdiction under the Declaratory Judgment Act is conferred."

■ First adverting to, but not discussing, the distinction which should be drawn between the Court's jurisdiction over the case and the propriety of exercising it, these four alleged grounds of lack of jurisdiction are considered in their inverse order; and the last is forthwith disposed of adversely to movant, in view of Aetna Life Ins. Co. of Hartford, Conn., v. Haworth et al., 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

See, also, Maryland Casualty Co. v. United Corporation of Massachusetts et al., 1 Cir., 1940, 111 F.2d 443; Employers' Liability Assur. Corporation, Limited, v. Ryan et al., 6 Cir., 1940, 109 F.2d 690; Columbian National Life Insurance Company v. Foulke, 8 Cir., 1937, 89 F.2d 261.

■ Further, it may be observed in this connection that whilst the federal Declaratory Judgment Act has not added to the jurisdiction of the federal courts, it has, nevertheless, provided a valuable procedure of highly remedial nature, and the statute should be liberally construed and applied so as to give it full effect. Mississippi Power & Light Company v. City of Jackson, 5 Cir., 1941, 116 F.2d 924.

■ Neither is plaintiff's action any the more subject to be dismissed because (as movant avers) his co-defendant, Sidney Thezan, has "brought a damage suit against plaintiff * * * prior to the filing of this suit", in a municipal court, and even though it be assumed (the motion being silent as to this) that the matters at issue in the prior suit are identical with those here present.

■ The Declaratory Judgment Act furnishes an additional remedy of which a litigant may not be denied the use, simply because there is then pending another suit; this view is now crystalized in Rule 57, Federal Rules of Civil Procedure, which provides that despite the existence of another adequate remedy, a judgment for declaratory relief may be granted where use of the statutory provisions is appropriate. Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co., 6 Cir., 1942, 126 F.2d 172.

The fact that there be pending another suit in a state court at the time that proper resort is had to the Declaratory Judg-

ment Act in a federal court, and that the matters at issue in both suits *are identical,* would not seem to deprive the federal court of jurisdiction; there appears to be no good reason why both suits may not proceed until final decision in one completely disposes of the issues at stake in the other. Carpenter et al. v. Edmonson, 5 Cir., 1937, 92 F.2d 895.

■ The record herein indicates lack of such complete identity and, of course, under such circumstances, there can be no question of inappropriateness of the federal suit merely because of the prior presence of the state suit. Borchard's "Declaratory Judgments", p. 659.

In passing, it may be observed that (judging from counsel's arguments) notwithstanding the fact that movant's co-defendant Sidney Thezan has been at liberty, all the while, to press his damage suit in the municipal court, he does not appear to have done so.

There now remain to be disposed of movant's further contentions (as respects alleged lack of jurisdiction in the court) to the effect that the matter in dispute, so far as concerns co-defendant Thezan, in his individual capacity, is far below the required jurisdictional amount, and said Thezan is not qualified to be sued as representative of a class.

■ The amount in controversy is the value of that which it is sought to have declared free from doubt, i. e. the $20,000.00 fire insurance policy; and the issue in doubt which it is sought to have decided is: whether there exists liability under said policy against the insurer Pacific Fire Insurance Company, and in favor of movant Reiner and not only his co-defendant, Sidney Thezan, but all other persons similarly situated as pledge debtors of the insured pawnbroker Reiner.

On the question of jurisdictional amount, see C. E. Carnes & Co. Inc., et al. v. Employers' Liability Assurance Corporation, Limited, of London, England, 5 Cir., 1939, 101 F.2d 739.

The plaintiff, as a matter of course, recognizes that its attempted resort to the Declaratory Judgment Act demands that all pledge debtors in interest, numbering over 5,000 (the value of whose aggregate net equity in the fire-damaged or destroyed pledged property exceeds the fire insurance policy's $20,000.00 face value), should either be made parties personally, with the insured pawnbroker Reiner, or by representation, as in a class suit.

Rule 23 of the Federal Rules of Civil Procedure provides that if persons constituting a class are so numerous as to make it impracticable to bring them all before the court, "such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

\* \* \* \* \* \*

"(3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

No more than *one* of these 5,000 and more pledge debtors of the insured pawnbroker was "personally" made party defendant with him; this was the aforementioned Thezan, the value of whose asserted interest in the $20,000.00 fire insurance policy coverage was no more than $16.50.

The plaintiff merely alleges that the class of pledge debtors "is so numerous as to make it impracticable to bring all of the members thereof before the Court" and that said Thezan "has an interest in this controversy which will fairly insure the adequate representation of all of the members of the class in the common questions of law and fact" involved in the determination of whether liability, under the $20,000.00 fire insurance policy, exists against the insurer in favor of the insured, and in favor of his 5000 and more pledge debtors, the value of whose claimed aggregate interests exceeds $20,000.00.

The complaint does no more than allege the claimed impracticability of bringing more than the one pledge debtor Thezan before the Court; and it may be fairly assumed that the greater number of the 5,000 odd Reiner pledge debtors were residing and domiciled (as was Thezan) in the City of New Orleans; the alleged impracticability is, therefore, open to serious doubt.

■ The present action, being of the type denominated a spurious class action, would ordinarily come within the exception relating to the permissible joinder of parties by representation, provided all conditions precedent are met. Rules 19 and 23, Federal Rules of Civil Procedure. However, the obligation rested upon the plaintiff to have its complaint plainly make out the case of alleged impracticability of

708

bringing any of Thezan's co-defendants "personally" before the Court.

■ A suit is not truly a "representative suit" merely because the plaintiff, *as here*, so designates it; whether it is depends upon the attending facts.

■ There must be a positive showing made that, because of the great number of persons similarly to be affected by the sought-for judgment, it is impracticable to bring all of them "personally" into the suit. This does not mean that the *impossibility* of so making them parties must be established; it is sufficient that it be shown that it is extremely difficult or inconvenient to join them and the determination of that fact is within the sound discretion of the Court, which is charged with the responsibility of deciding (as condition precedent to the existence of the claimed right to maintain a class action) whether adequate representation will actually be afforded to the otherwise unrepresented interests, by the one or more plaintiff or defendant electing or made to appear as representative of the class. 39 Am.Jur. (1942) §§ 52, 53, pp. 926, 927; Moore's Federal Practice, § 2, pp. 2232, 2234. See, also, Pelelas v. Caterpillar Tractor Co., 7 Cir., 1940, 113 F.2d 629; Weeks et al. v. Bareco Oil Co. et al., 7 Cir., 1941, 125 F.2d 84.

■ The great disparity in numbers between the one pledge debtor "personally" sued and the remainder of the class of 5,000 and more, whom plaintiff seeks to have represented by the one, is an important fact to be considered in determining the question whether defendant Thezan (the value of whose individual interest in the subject-matter at issue is no more than $16.50, by contrast with the aggregate value of all other interests which, plaintiff avers, equals the full $20,000.00 face value of the policy) is fairly representative of the class of 5,000 and more pledge debtors of the insured pawnbroker Reiner.

Plaintiff cites the case of National Hairdressers' & Cosmetologists' Ass'n, Inc., et al. v. Philad Co., D.C.D.Delaware 1941, 41 F.Supp. 701, as justifying its contention that the one of the 5000 and more pledge debtors may be said to fairly insure adequate representation of the class. In *that* case, the two plaintiffs (both corporations, and hereinafter referred to simply as "National" and "Fred"), were seeking a declaratory judgment; National was a non-profit membership corporation with approximately 5,000 co-members and affiliated members (including Fred), substantially all of whom had been charged by the defendant with having infringed a patent, as was, particularly, Fred. The plaintiffs contended that no infringement had taken place and sought to have it so decreed and to have the defendant Philad Co. enjoined from bringing any suits alleging the claimed infringement. Fred was adjudged to be rightfully appearing in the spurious class action as representative of the class of hairdressers composing the membership of National, once it had been determined that, lacking authority therefor in its constitution and by-laws, National could not bring suit; many of said members (so reads the court decision) having contributed to the maintenance of Fred's representative suit, and Fred having filed a list of the National members for whom he sought a declaratory judgment protecting them from the infringement charge and against harassment by "infringement suits".

Under the state of facts *there* present, the District Court may well have found, in the exercise of a sound discretion, that Fred fairly insured adequate representation to his co-members in National.

■ The situation *here* is strikingly different, and the case cited can not serve as authority justifying this Court to hold that defendant Thezan fairly insures the adequate representation of the other 5000 and more pledge debtors of the insured pawnbroker Reiner.

It is impossible to render declaratory judgment herein clarifying and settling the legal relations at issue and terminating, and affording relief from, the uncertainty and controversy giving rise to this suit, for the reason that all of the other pledge debtors besides Sidney Thezan are absent from the proceedings, when they should have been personally joined as his co-defendants or, at least, the record should show the class of Reiner pledge debtors at interest adequately represented in the suit, so as to fairly insure their being heard and their being effectively bound hereafter by any judgment rendered.

This spurious class action can not, therefore, be maintained, and should be dismissed.

Accordingly, let judgment of dismissal be duly entered.