### DURKIN v. RIEVE et al.

United States District Court,
E. D. Pennsylvania.

Dec. 19, 1949.

72

Leonard B. Boudin, of Neuberger, Shapiro, Rabinowitz & Boudin, New York City, Saul C. Waldbaum, of Waldbaum, Shafritz & Levitan, Philadelphia, Pa., for plaintiff.

Arthur J. Goldberg, Thomas E. Harris, Washington, D. C., M. H. Goldstein, Philadelphia, Pa., for defendants.

GANEY, District Judge.

This is an action seeking a permanent injunction and declaratory judgment and an application for a temporary restraining order and preliminary injunction upon the affidavit of James H. Durkin.

The gist of the complaint alleges that the defendants are to conduct a certain trial of the United Office and Professional Workers of American as well as to take other steps within their control toward its expulsion from the Congress of Industrial Organizations, the date of said trial being Monday, December 19th, and that unless defendants are restrained from so doing by an order of the court, they will suffer immediate and irreparable injury.

The application for the restraining order was made to the court on December 12th and at the request of the court the trial date was changed from December 15th to December 19th in order to give the court an opportunity to go into the question raised at the time of the application of the complainant, to wit: the question of the jurisdiction of this court in the matter by the defendants. The delay was primarily granted by reason of the fact that both sides wanted to submit briefs on the jurisdictional question then posed, and the preparation of the latter would entail a few days time and as the trial was set for the 15th the defendants agreed to hold the matter over until Monday, December 19th. On December 15th counsel for both plaintiff and defendants appeared before the court and defendants presented a motion to withdraw one of the party defendants, Emil Rieve. Objection was made by counsel for the complainant but the court granted the defendant's request and the action proceeded against George Craig as Regional Director and Representative of the Congress of Industrial Organizations alone.

The defendants in appearing specially, was for the sole and only purpose of asserting lack of jurisdiction over the subject matter of the action and the person of the defendants as well as alleging the venue of the action as being improperly laid and moving the court to vacate an Order to Show Cause entered by it on December 9, 1949, as well as to dismiss the action generally.

The complaint asserts jurisdiction on the ground of diversity of citizenship, 28 U. S.C.A. §§ 1331, 1332, 1337, as well as on Title 29 U.S.C.A. § 185, that is on the ground of diversity of citizenship as well as under the Taft-Hartley Act.

It is to be noted that this cause is by way of a class action against a labor or-

ganization and that the dropping of one of the defendants, Emil Rieve, a vice-president of the Congress of Industrial Organizations as well as a member of the Executive Board of the Congress of Industrial Organizations and Chairman of the Trial Committee appointed by the Executive Board before whom the hearing is to be held, leaves the only other defendant remaining, George Craig, who is described in the complaint as "Regional Director of the CIO in the City of Philadelphia and is sued as representative of members of the CIO".

The question poses itself at the outset, whether jurisdiction is to be founded on diversity of citizenship, or whether it is to be founded under the Taft-Hartley Act, it being a class suit whether the defendant named, is a proper representative of the so-called class.

 While the Federal Rules have in nowise limited or restricted the right to bring class suits either under Rule 23 or Rule 17(b), 28 U.S.C.A., it is essential that they be properly brought by describing the person as being representative of the class over whom jurisdiction is to be asserted. Here the only assertion is that Craig is the Regional Director of the CIO in the City of Philadelphia. In reading Exhibit C of the plaintiff's complaint, which is the Constitution of the CIO, no reference is made to the office of Regional Director and nothing has been offered to show that a Regional Director in one city is adequately representative of the CIO, when we consider that the Congress of Industrial Organizations is a group of autonomous unions. It is an essential condition precedent to the maintenance of a class action whether adequate representation is afforded to the otherwise unrepresented interest by the defendant selected as representative of the class. Pacific Fire Insurance Co. v. Reiner et al. D.C. 45 F.Supp. 703; Knowles et al. v. War Damage Corporation, 83 U.S. App.D.C., 388, 171 F.2d 15; Oppenheimer v. F. J. Young & Co D.C., 3 F.R.D. 220; Barker Printing Co. v. Brotherhood of Painters, Decorators & Paperhangers of America, 3 Cir., 15 F.2d 16.

The case of Tunstall v. Brotherhood of Locomotive Firemen and Enginemen et al., 4 Cir., 148 F.2d 403, 406, has been pressed upon the court, but here it was adequately set forth in the complaint that the defendant was a local chairman of a lodge and that he acted for the Brotherhood in the enforcing of schedules of rules and working conditions and in matters of grievances, adjustments and job assignments of the particular railroad. In that case likewise the court found that the suit "was unquestionably maintainable as a class suit and that there has been sufficient service upon representative members to give jurisdiction over the entire class constituting the brotherhood".

■ Here this court cannot say from the record before it that a single individual not an officer of the Congress of Industrial Organizations itself nor a member of any of the unions comprising the Congress of Industrial Organizations and not being a member of the Trial Board before whom the trial of the complainant is to be held and lacking in any description whatsoever of what the capacity of a regional director in the City of Philadelphia is, adequately is representative of the class.

Accordingly, the order to show cause entered December 9th is vacated and the motion to dismiss is granted.