Samuel BAILEY, Joseph Broadwater and Burnett L. Jacob, Plaintiffs,

v.

Joe T. PATTERSON, Attorney General of the State of Mississippi, The City of Jackson, Mississippi, Allen C. Thompson, Mayor, Douglas L. Luckey, Commissioner, Thomas B. Marshall, Commissioner, W. D. Rayfield, Chief of Police of the City of Jackson, Mississippi, Jackson Municipal Airport Authority, Continental Southern Lines, Inc., Southern Greyhound Lines, Illinois Central Railroad, Inc., Jackson City Lines, Inc., and Cicero Carr, Defendants.

Civ. A. No. 3133.

United States District Court
S. D. Mississippi,
Jackson Division.

April 7, 1962.

**68**

Constance Baker Motley and Derrick A. Bell, New York City, R. Jess Brown, Vicksburg, Miss. for plaintiffs.

Thomas H. Watkins, J. A. Travis, Robert G. Nichols, Jr., E. W. Stennett, Jackson, Miss., for city of Jackson.

Joe T. Patterson, Atty. Gen., State of Mississippi, Dugas Shands, Edward L. Cates, Peter M. Stockett, Jr., Charles Clark, Asst. Attys. Gen., Jackson, Miss., for the State of Mississippi.

Robert C. Cannada and Junior O'Mara, Jackson, Miss., for Southern Greyhound Lines and Continental.

Sidney Smith, Jackson, Miss., for Illinois Central R. R. Co.

J. W. Young and James Young, Jackson, Miss., for Jackson City Lines.

Colin L. Stockdale (Now deceased) Jackson, Miss., for Cicero Carr.

Rubel L. Phillips, Jackson, Miss., Jackson Airport Authority.

MIZE, Chief Judge.

This action was brought by three Negro citizens and residents of Jackson, Mississippi, to enjoin the alleged enforcement of certain Mississippi statutes which are alleged to be unconstitutional. The statutes sought to be enjoined are Title 11, Sections 2351, 2351.5 and 2351.7, and Title 28, Secs. 7784, 7785, 7786, 7786–01, 7787, 7787.5, Mississippi Code Annotated (1942), hereinafter referred to as Mississippi segregation statutes. Plaintiffs attack the constitutionality of said statutes.

The plaintiffs also seek to enjoin the arrests and prosecutions of persons other than the plaintiffs under Sections 2087.5, 2087.7 and 2089.5 of the Mississippi Code Annotated (1942), as amended in 1960, hereinafter referred to as Mississippi breach of peace statutes. Plaintiffs do not contend that these statutes are unconstitutional. A three-judge District Court was convened in this case under Title 28 U.S.C. § 2281. A hearing on plaintiffs' motion for a preliminary injunction was consolidated with a hearing on the merits. The three-judge Court abstained from further proceedings pending construction of the challenged laws by the state courts. D.C., 199 F.Supp. 595. Plaintiffs appealed, and the Supreme Court of the United States denied a motion for an injunction pending disposition of the appeal. 368 U.S. 346, 82 S.Ct. 282, 7 L.Ed.2d 332. The Supreme Court of the United States held that this was not a proper matter for a three-judge District Court, vacated the judgment, and remanded the case to this Court for expeditious disposition of plaintiffs' claims of right to unsegregated transportation service. 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512. Accordingly, an order has been entered herein dissolving the three-judge Court.

### FINDINGS OF FACT

1. None of the plaintiffs has been arrested or threatened with arrest under any of the segregation statutes attacked in this case. The plaintiffs have not been arrested or threatened with arrest under any of the Mississippi breach of peace statutes referred to in the amended complaint. The plaintiffs have not been denied any right, privilege or immunity claimed by them by virtue of said segregation statutes.

2. The interests of the plaintiffs are antagonistic to and not wholly compatible with the interests of those whom they purport to represent. They do not belong to a class which would include the persons arrested and prosecuted in the

Mississippi Courts under the breach of peace statutes.

3. There have been no arrests or prosecutions under the segregation statutes attacked in this case for many years, and said statutes have not been enforced in Mississippi.

4. Evidence offered by the plaintiffs affirmatively establishes as a fact that none of the defendants has made any effort to control the action of Negroes in any of the terminals or on any of the carriers involved in this case.

5. The evidence discloses isolated instances of improper behavior on the part of certain law enforcement officers. The fact that they are relatively few in number emphasizes their absence as a general practice or policy. As much as we would like to see it otherwise, law enforcement officers are not infallible. Being human, there are those who are guilty of improper conduct, but the evidence in this case proves that such conduct is a rare exception rather than the general practice. While we cannot condone the mistakes made by a few law enforcement officers, we cannot indict a municipality or a State because of isolated errors in judgment on the part of such officers. For instance, one of plaintiffs' witnesses testified that he used the Jackson airport from fifteen to twenty times a year. On one occasion an unidentified waitress refused to serve him in the restaurant. He did not report this incident to anyone in authority with the airport or with the City. Plaintiffs' witness, Dr. Jane McAllister, testified that she had commuted daily by bus from Jackson to Vicksburg, Mississippi, for ten years. As a colored person, she had always sat where she wished on the bus. On one occasion she was treated rudely by a Jackson policeman. The same is true of several other isolated instances reflected by plaintiffs' evidence.

6. There was no evidence of any arrest in the City of Jackson of a Negro prior to April, 1961, when the Freedom Riders began their much publicized visits to that City. The arrests of those persons involved both white and colored people who were arrested at the same place and for the same reason. Neither race nor color nor location of facility being used had anything to do with those arrests. No such arrest was made under any of Mississippi's segregation statutes. The cases arising out of those arrests are now pending in the Courts of the State of Mississippi, and this Court should not attempt to determine the merits of those State Court actions.

7. All segregation signs have been removed from the premises of all of the carrier defendants. All facilities in all terminals of the carrier defendants are now being freely used by members of all races, and there is no justification for the issuance of an injunction in this case.

CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties hereto and the subject matter hereof.

2. This is not a proper class action, and no relief may be granted other than that to which the plaintiffs are personally entitled. In the complaint plaintiffs purported to represent themselves and "other Negroes similarly situated". In the amended complaint plaintiffs purported to represent "Negro citizens and residents of the State of Mississippi and other states". Plaintiffs' right to represent anyone but themselves was put in issue by the pleadings. The testimony of the plaintiffs was conflicting as to the identity of the class purported to be represented. They proved no authority to represent any other person and admitted that other Negroes did not approve of this action. On appeal an attempt was made to broaden the alleged class to include white and colored freedom riders. Whether this is a proper class action involves a question of fact. Flaherty v. McDonald, D.C.Cal., 178 F. Supp. 544. The plaintiffs cannot make this a legitimate class action by merely calling it such. Pacific Fire Ins. Co. v. Reiner, D.C.La., 45 F.Supp. 703. The burden of proof on this issue was on the plaintiffs. Oppenheimer v. F. J. Young & Co., D.C.N.Y., 3 F.R.D. 220. The

plaintiffs failed to meet this burden. In addition, a class action cannot be maintained where the interests of the plaintiffs are antagonistic to and not wholly compatible with the interests of those whom they purport to represent. Flaherty v. McDonald, D.C.Cal., 178 F.Supp. 544; Redmond et al. v. Commerce Trust Co., C.C.A.8th, 144 F.2d 140; Brotherhood of Locomotive Firemen and Enginemen v. Graham, et al., 84 U.S.App. D.C. 67, 175 F.2d 802; Kentucky Home Mut. Life Ins. Co. v. Duling, C.C.A.6th, 190 F.2d 797; Advertising Specialty National Association v. Federal Trade Commission, C.C.A.1st, 238 F.2d 108; and Troup v. McCart, C.C.A.5th, 238 F.2d 289. The efforts of the plaintiffs to bring white and colored freedom riders within the class represented make it clear that this is not a proper class action. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512.

3. The three plaintiffs are entitled to an adjudication of their personal claims of right to unsegregated transportation service by a declaratory judgment herein.

■ 4. It is mandatory upon this Court to declare the Mississippi segregation statutes and City ordinance attacked in this case to be unconstitutional and void as violative of the Fourteenth Amendment to the Constitution of the United States. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512.

■ 5. Under the facts of this case, the plaintiffs are not now entitled to injunctive relief. In so holding, this Court is seeking to observe a vital and fundamental policy which for many years has been pronounced and followed by the United States Supreme Court and by other Federal Courts to the effect that Federal Courts of equity shall conform to clearly defined Congressional policy by refusing to interfere with or embarrass threatened prosecution in State Courts except in those exceptional cases which call for interposition of a Court of equity to prevent irreparable injury which is clear and imminent. The issu-

ance of a writ of injunction by a Federal Court sitting in equity is an extraordinary remedy. Bailey v. Patterson (on motion for stay injunction pending appeal), 368 U.S. 346, 82 S.Ct. 282, 7 L.Ed. 2d 332. Injunctive relief will never be granted where the parties seeking same have adequate remedies at law. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Cobb v. City of Malden, C.C.A.1st, 202 F.2d 701; Brown v. Board of Trustees, U.S.C.A.5th, 187 F.2d 20; and State of Mo. ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208. It is discretionary with the Court as to whether it will enjoin enforcement of an unconstitutional statute, and it will not do so in the absence of a strong showing that the plaintiffs will suffer immediate and irreparable injury in the absence of injunctive relief. Kingsley International Pictures Corp. v. City of Providence, D.C., 166 F.Supp. 456. The Court will not enjoin enforcement of an unconstitutional statute in the absence of evidence that said statute is being enforced. Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989. In Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512, the Supreme Court of the United States correctly held that plaintiffs were not entitled to enjoin the criminal prosecutions of the freedom riders, and said:

"Appellants lack standing to enjoin criminal prosecutions under Mississippi's breach-of-peace statutes, since they do not allege that they have been prosecuted or threatened with prosecution under them."

■ 6. The desire to obtain a sweeping injunction cannot be substituted for compliance with the general rule that the plaintiffs must present facts sufficient to show that their individual needs require injunctive relief. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed. 2d 512; McCabe v. Atchison, T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Brown v. Board of Trustees, U.S.C.A.5th, 187 F.2d 20; and Kansas City, Mo. et al. v. Williams et al., U.S.C. A.8th, 205 F.2d 47.

7. Although no injunctive relief should now be granted, this Court should retain jurisdiction over this action and each of the defendants for such further orders and relief as may subsequently be appropriate.