EPPICH, Judge:
¶ 1 Appellant Cynthia Ferrara seeks review of the trial court's denial of her motion for class certification made pursuant to Rule 23, Ariz. R. Civ. P. Finding no abuse of discretion, we affirm.
Factual and Procedural Background
¶ 2 Ferrara was injured in an auto accident in the course of her employment. As of the date of the accident, she was a covered person and beneficiary of an auto insurance policy provided by the defendant/appellee 21st Century North America Insurance Company. As a result of her injuries, Ferrara incurred $3,981.59 in medical bills. She was eligible to receive, and in fact did receive workers' compensation benefits covering those expenses, though her employer's workers' compensation carrier was able to pay off the treatment costs at a reduced rate of $2,053.91.
¶ 3 Following a $6,812.59 settlement on her third-party claim against the responsible driver, Ferrara's workers' compensation carrier issued a lien on, and was repaid $2,053.91 from, her third-party settlement, pursuant to A.R.S. § 23-1023(D). Ferrara subsequently submitted the medical bills she had incurred to 21st Century, along with documents establishing that she had reimbursed the workers' compensation carrier, seeking coverage pursuant to the medical payments ("medpay") provision of her policy in the amount of $3,981.59.
¶ 4 21st Century denied her claim, citing an exclusion in the policy which the parties agree states: "We do not provide Medical Payments Coverage for any insured for bodily injury ... [o]ccurring during the course of employment if workers' compensation benefits are required or available for the bodily injury ."
¶ 5 Ferrara subsequently filed the instant action for breach of contract and declaratory relief,[1] and sought class action certification pursuant to Rule 23. The proposed class, of which Ferrara is the sole named plaintiff, was to consist of all persons or assignees who were covered by 21st Century auto policies or their affiliated underwriting entities, who had made a claim for medpay benefits that was denied on the basis of the workers' compensation exclusion notwithstanding such claimant's legal obligation to repay the workers' compensation benefits from a third-party recovery during the period of October 22, 2007 through the date of the class notice, with a geographic scope to include all thirty-three states in which 21st Century issues policies containing the exclusion. Following *1174 extensive discovery and argument, the trial court found that Ferrara had failed to satisfy the requirements of Rule 23(a), and denied class certification. This interlocutory appeal followed. We have jurisdiction pursuant to A.R.S. § 12-1873(A).
Discussion
¶ 6 Plaintiffs seeking class certification must meet all the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). "One seeking to maintain a class action has the burden of showing that the prerequisites are satisfied-merely calling it a class action does not make it one." Carpinteiro v. Tucson Sch. Dist. No. 1 , 18 Ariz. App. 283, 286, 501 P.2d 459 (1972). In addressing Rule 23 of the Federal Rules of Civil Procedure, the United States Supreme Court has emphasized that "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Comcast Corp. v. Behrend , 569 U.S. 27, 33, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013) (quoting Wal-Mart Stores, Inc. v. Dukes , 564 U.S. 338, 350-51, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) ).[2] "The issue of whether a suit should be allowed to proceed as a class action is left to the trial court's discretion and, absent an abuse of discretion, we will not interfere with the decision of the trial court." Godbey v. Roosevelt Sch. Dist. No. 66 , 131 Ariz. 13, 16, 638 P.2d 235, 238 (App. 1981).
¶ 7 Rule 23(a), Ariz. R. Civ. P., requires a party seeking certification to prove:
(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.
These four requirements; numerosity, commonality, typicality, and adequacy, "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." Dukes , 564 U.S. at 349, 131 S.Ct. 2541 (quoting Gen. Tel. Co. of the Sw. v. Falcon , 457 U.S. 147, 156, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ). In the instant case the trial court found that Ferrara failed to establish numerosity, commonality, and typicality.
¶ 8 "There is no bright line rule regarding the number of class members that will satisfy the numerosity prerequisite of [R]ule 23." London v. Green Acres Tr. , 159 Ariz. 136, 140, 765 P.2d 538, 542 (App. 1988). "[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.' " Cox v. Am. Cast Iron Pipe Co. , 784 F.2d 1546, 1553 (11th Cir. 1986) (quoting 3B Moore's Federal Practice ¶ 23.05[1], at n.7 (1978) ). A trial court making a numerosity determination is required to "examin[e] ... the specific facts of [the] case." Gen. Tel. Co. of the Nw. v. Equal Emp't Opportunity Comm'n , 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).
¶ 9 "The commonality and typicality requirements of Rule 23(a) tend to merge." Falcon , 457 U.S. at 157 n.13, 102 S.Ct. 2364. "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Id.
¶ 10 We have said that commonality "requires simply that there exist questions of law or fact common to the class." Lennon v. First Nat'l Bank of Ariz. , 21 Ariz. App. 306, 309, 518 P.2d 1230 (1974). However, this *1175 "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.' " Dukes , 564 U.S. at 350, 131 S.Ct. 2541 (quoting Falcon , 457 U.S. at 157, 102 S.Ct. 2364 ). Typicality "is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." Gen. Tel. Co. of the Nw. , 446 U.S. at 330, 100 S.Ct. 1698.
What matters to class certification ... is not the raising of common "questions"-even in droves-but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.
Dukes , 564 U.S. at 350, 131 S.Ct. 2541 (quoting Richard A. Nagareda, Class Certification in the Age of Aggregate Proof , 84 N.Y.U. L. Rev. 97, 132 (2009) ).
¶ 11 A trial court's "rigorous analysis" of whether the requirements of Rule 23(a) has been satisfied will "frequently ... entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." Dukes , 564 U.S. at 351, 131 S.Ct. 2541. "[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." Id. (quoting Falcon , 457 U.S. at 160, 102 S.Ct. 2364 ).
¶ 12 In this case, proof of numerosity, commonality, and typicality necessarily overlap with Ferrara's contention that 21st Century's denial of medpay claims pursuant to the exclusion "constitute[s] a material breach of the parties' contractual agreements and the covenant of good faith and fair dealing implied in each, and ... the Class ha[s] been damaged as a result." This is so because of the broad geographical scope of Ferrara's purported class, encompassing thirty-three states.
¶ 13 "Although there is no categorical bar to class treatment where the law of multiple states will apply, courts have expressed some skepticism of such treatment, particularly in substantive areas where the content of state law tends to differ." Sacred Health Heart Sys., Inc. v. Humana Military Healthcare Servs., Inc. , 601 F.3d 1159, 1180 (11th Cir. 2010) (citing Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co. , 95 F.R.D. 168, 177-78 (D. Del. 1982) ) (collecting cases for the proposition that "[c]ourts have often refused to certify class actions when they involve the law of more than one state"). In cases which implicate "the law of all fifty states, '[t]he party seeking certification ... must ... provide an extensive analysis of state law variations to reveal whether these pose insuperable obstacles.' " Id. (alteration in Sacred Heart ) (quoting Cole v. Gen. Motors Corp. , 484 F.3d 717, 724 (5th Cir. 2007) ). We believe this requirement is equally applicable in a case such as this, which implicates the law of thirty-three states. "The issue can only be resolved by first specifically identifying the applicable state law variations and then determining whether such variations can be effectively managed." Id. (quoting Walsh v. Ford Motor Co. , 807 F.2d 1000, 1017 (D.C. Cir. 1986) ). "It is 'the court's duty to determine whether the plaintiffs have borne their burden where a class will involve multiple jurisdictions and variations in state law.' " Id. (quoting Spence v. Glock, Ges.m.b.H. , 227 F.3d 308, 313 (5th Cir. 2000) ).
¶ 14 Ferrara included in her motion for class certification two matrices addressing the laws of the various states: the first providing each state's statutory basis for a workers' compensation carrier's right to reimbursement from third-party-at-fault recoveries; the second providing case law from each state regarding the interpretation of insurance contracts. In its response opposing certification, 21st Century provided its own matrix addressing the laws of the various states, which pointed out variances in the states' laws regarding the admissibility and application of extrinsic evidence in issues of contractual ambiguity and the rights of an insurer to seek medpay reimbursement/subrogation from third-party-at-fault recoveries. This matrix showed that of the thirty-three states in Ferrara's proposed geographic scope, the laws of twenty-seven appear to differ substantively from Arizona on whether an insurer has a right to recover medpay benefits from a third-party-at-fault recovery. Ferrara did not meaningfully address these variances, except to say that "such individual *1176 issues do not defeat certification where the core issue is common" and that 21st Century failed to explain "how Defendant's subrogation rights would absolve it from or be a defense to the obligation to pay medpay benefits to the insured."
¶ 15 Additionally, after extensive discovery, which included the retention of an independent information technology expert to aide in reviewing 21st Century's claim logs, Ferrara was able to identify only thirty to forty potential claimants. However, as the trial court noted in its ruling, after excluding potential class members with their own individual litigation pending, who have settled or released their claims, or had their claims denied on statutory grounds applicable in their states, Ferrara "identified, at most , 20 potential class members," with Ferrara the sole potential member from Arizona.
Conclusion
¶ 16 We are persuaded that in the instant case, a confluence of factors, including the potentially small number of class members and the variances in state law on a core issue, could create issues sufficient to preclude class certification on the grounds of numerosity, commonality, and typicality. As it is the plaintiff's burden to demonstrate both "that there are in fact sufficiently numerous parties, common questions of law or fact," Dukes , 564 U.S. at 350, 131 S.Ct. 2541, and that state law variances do not "pose insuperable obstacles," Sacred Heart , 601 F.3d at 1180 (quoting Cole , 484 F.3d at 724 ), there is reasonable evidence to support the trial court's determination that Ferrara did not meet her burden of proof to show a class action was appropriate. Finding no abuse of discretion, we affirm.

Ferrara's second amended complaint contained an additional allegation of insurance bad faith, but noted in her motion for class certification that she was pursuing this count as an individual claim only.

"Because Rule 23 [of the Arizona Rules of Civil Procedure] is identical to Rule 23 of the Federal Rules of Civil Procedure, we view federal cases construing the federal rule as authoritative." ESI Ergonomic Sols., LLC v. United Artists Theatre Circuit, Inc. , 203 Ariz. 94, n.2, 50 P.3d 844 (App. 2002).