494 P.2d 708

Mark READER and Frances Reader, his wife, Albert Mayer and Jean Mayer, his wife, on behalf of themselves and all others similarly situated, Appellants,

v.

MAGMA–SUPERIOR COPPER COMPANY, an Arizona corporation, et al., Appellees.

No. 10414–PR.

Supreme Court of Arizona, In Banc.

March 15, 1972.

Kaplan, Wilks & Abrams by Richard B. Wilks, Phoenix, and Langerman, Begam & Lewis, P. A. by Robert G. Begam, Phoenix, for appellants.

Evans, Kitchel & Jenckes by Earl H. Carroll, Phoenix, for appellees American Smelting and Refining Co., and Phelps Dodge Corp.

Farringer & Raftery by Leland C. Makemson, Phoenix, for appellee Magma-Superior Copper Co.

Fennemore, Craig, von Ammon & Udall by Philip E. von Ammon, Phoenix, for appellee Kennecott Copper Corp.

Twitty, Sievwright & Mills by Howard A. Twitty, Phoenix, for appellee Magma Copper Co.

G. Henry Ladendorff, Phoenix, for appellee Inspiration Consolidated Copper Co.

STRUCKMEYER, Justice.

This case is before us on a petition for review of an order of the Court of Appeals dismissing the appeal of Mark Reader and other appellants, plaintiffs in the Superior Court. The dismissal is ordered vacated and the cause transferred to this Court for final disposition.

Appellants brought this lawsuit as a class action under Rule 23, Rules of Civil Procedure, 16 A.R.S., against six asserted owners or operators of copper smelters in Arizona. The class is described as the entire population of Maricopa County, numbering some 700,000 people who are forced to breathe and visualize air polluted by appellees. The complaint as amended seeks compensatory and punitive damages for the conduct of appellees which is alleged to have been both intentional and negligent. It also seeks an injunction because of irreparable injury to the environment and the ecology, and to appellants' health, comfort, and enjoyment of the natural beauty of the scenery.

In the trial court, appellants filed a motion under Rule 23(c) (1) Rules of Civil Procedure for an order permitting the lawsuit to proceed as a class action. The court determined that the action could not be maintained as a class action, and this appeal followed. The Court of Appeals dismissed the appeal on the ground that the trial court's order was interlocutory, and not appealable. We hold that the order is appealable.

By A.R.S. § 12-2101, as amended, appeals may be taken to the Court of Appeals in the instances specified in that section. By section B, it may be taken from a final judgment entered in an action. It is upon this section that the appellees rely, arguing that this is not a final judgment. However, we think section D is applicable. Section D provides that an appeal can be taken "from any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

It is plain, the order determining that the action could not be maintained as a class action affects a substantial right of the appellants. It, in effect, determines the action, since as a practical reality it forecloses the appellants from pursuing their action further. Concededly, the appellants are damaged only to the same extent as others of the general public. It is, therefore, obviously impossible or improvident for them to absorb the enormous expenses of the suit. The trial court's order, in effect, terminates the litigation.

In the federal courts of appeals, Congress provided for jurisdiction "of appeals from all final decisions of the district courts," language similar to A.R.S. § 12-2101, subsec. B, see 28 U.S.C.A. § 1291. Even under the more restrictive language there, it has been held that the order, under Rule 23(c) (1), of the Federal Rules of Procedure, determining a class action is

appealable where it is, in effect, an order of "final" disposition, Green v. Wolf Corporation, 2nd Cir., 406 F.2d 291 (1968); Eisen y. Carlisle & Jacquelin, 2nd Cir., 370 F.2d 119 (1966). In Eisen v. Carlisle & Jacquelin, the court said:

"The alternatives are to appeal now or to end the lawsuit for all practical purposes. Judge Tyler's order 'if unreviewed, will put an end to the action'. Chabot v. National Securities and Research Corp., 290 F.2d 657, 659 (2d Cir. 1961). We can safely assume that no lawyer of competence is going to undertake this complex and costly case to recover $70 for Mr. Eisen. See Escott v. Barchris Constr. Corp., 340 F.2d 731, 733 (2d Cir.), cert. denied sub nom. Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed.2d 63 (1965). If the appeal is dismissed, not only will Eisen's claims never be adjudicated, but no appellate court will be given the chance to decide if this class action was proper under the newly amended Rule 23.

\*   \*   \*   \*   \*   \*

Where the effect of a district court's order, if not reviewed, is the death knell of the action, review should be allowed."

The order of the Court of Appeals is vacated without prejudice to either party, with directions to proceed in this Court with the appeal on its merits.

HAYS, C. J., and LOCKWOOD and HOLOHAN, JJ., concur.

NOTE: Vice Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.