534 P.2d 275

**HOME FEDERAL SAVINGS & LOAN ASSOCIATION, formerly known as Tucson Federal Savings & Loan Association, an Arizona Corporation, Appellant,**

v.

**Theodore S. PLEASANTS, a single man, on behalf of himself and all other persons similarly situated, Appellee.**

**No. 2 CA–CIV 1723.**

Court of Appeals of Arizona, Division 2.

April 22, 1975.

Rehearing Denied June 4, 1975.

Review Denied Sept. 18, 1975.

Robertson, Molloy, Fickett & Jones, P. C., by Michael J. Meehan, Tucson, for appellant.

DeConcini, McDonald & Brammer, P. C., by John W. Lovell, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal challenges the propriety of a superior court order permitting appellee to proceed with a class action. The thrust of appellant's attack on the ruling is that the "predominance" requirement of Rule 23(b)(3), Rules of Civil Procedure, 16 A. R.S., was not satisfied and therefore a class action was precluded.

The pertinent allegations of appellee's complaint are that the action was brought on his behalf and on behalf of all other persons similarly situated who had assumed notes, secured by mortgages or deeds of trust on real property, held by appellant, and who had paid a percentage of the outstanding loan balance as an assumption fee; that on March 8, 1973, appellee had purchased certain property and, as part of the purchase agreement, was to assume and pay the note executed by his grantors to appellant which was secured by a mortgage of the same date; that although the security for the note and mortgage was not impaired,

but in fact enhanced, appellant wrongfully demanded from appellee a one percent fee as a condition precedent to consenting to the assumption; that the fee had no reasonable relation to the expense incurred by appellant as a result of the assumption; and that appellee paid the fee solely because appellant's agents threatened to invoke an acceleration provision whereby the balance of the note would become immediately due and payable. The complaint further alleged that appellee's alternative to payment of the fee was so onerous that he agreed to and did pay the fee; further, that all members of the class had received the same or similar treatment; and that the actions of appellant's agents "in this transaction, and in numerous other transactions of the same or similar nature were of such a nature as to amount to duress which destroys the free assent" of appellee and all class members. The relief sought was rescission and return of the sums paid as assumption fees.

After filing its responsive pleading, appellant filed a motion requesting the court to determine that the case not proceed as a class action for the reason that such action would splinter into a multiplicity of individual trials contrary to the letter and spirit of Rule 23. Appellant's position was that examination of the circumstances of each transaction wherein an assumption fee was charged would be necessary. Appellee, in his opposition, countered this argument as follows:

"The Plaintiff alleged that in *his particular situation* the security for the note and mortgage was not impaired, but in fact enhanced. The Plaintiff maintains that the Defendant had no right to accelerate a note or threaten to accelerate a note except when its security is impaired. Plaintiff also maintains that since the Defendant never releases the transferor from liability on the note, its security is never impaired because, after the assumption, although another person is principally liable on the debt, the transferor remains as surety.

Therefore, there would be no necessity of delving into the financial history of every class member and every transferor of the class member, since the only question would be whether, in fact, the transferor had been completely released from liability. Those cases in which the transferor was released from liability could be ferreted out in the discovery process so that the class will be composed of those persons assuming notes whose transferors had not been released from liability (i.e., those transactions where the Defendant's security could not be impaired)."

Rule 23(b)(3) provides:

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*       \*       \*       \*       \*       \*

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . ."

▮▮▮ Whether or not a suit should be allowed to proceed as a class action is left to the trial court's discretion and in the absence of an abuse of such discretion, we do not interfere. Carpinteiro v. Tucson School District No. 1 of Pima County, 18 Ariz.App. 283, 501 P.2d 459 (1972). The determination of whether of not a class action should be allowed does not depend on whether the plaintiff has stated a cause of action or will prevail on the merits. Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir. 1971); Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970).

Appellee alleged that appellant had required payment of an assumption fee by all transferees of property in situations where both the transferor and the transferee were responsible for payment of the debt underlying the mortgage. Thus we see that the essence of appellee's claim is that appellant engaged in an unlawful course of

**470**

conduct in such instances by requiring an assumption fee of one percent of the outstanding indebtedness.

 Maintenance of a class action does not depend upon commonality of all questions of fact and law, but only that such questions *predominate* over questions affecting individual members of the class. Like v. Carter, 448 F.2d 798 (8th Cir. 1971); Goldstein v. Regal Crest, Inc., 59 F.R.D. 396 (D.C.1973). The common questions need not be dispositive of the entire action. Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968), cert. den., 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459.

 The federal courts have expressed the view that any doubts concerning maintenance of a class action should be resolved in favor of such action. Esplin v. Hirschi, supra; Gerstle v. Continental Airlines, Inc., 50 F.R.D. 213 (D.C.1970). We believe the trial court did not err, at this juncture of the proceedings, in resolving the class action issue in favor of allowing it.

Liberal construction of appellee's complaint indicates common questions applicable to all members of the class:

1. Did appellant require payment of an "assumption fee?"

2. Did appellant threaten to invoke the "due-upon-conveyance" acceleration clause of the mortgages and trust deeds if the fee were not paid?

3. Did appellant automatically require payment of an "assumption fee" as a condition precedent to allowing assumption of a mortgage?

4. If so, is such "assumption fee" requirement unlawful?

Appellant argues that individual analysis of the circumstances of each transaction will be required and therefore a class action is inappropriate. See Rogers v. Coburn Finance Corp. of DeKalb, 53 F.R.D.

182 (D.C.1971); Rodriguez v. Family Publications Service, Inc., 57 F.R.D. 189 (D. C.1972); Johnson v. Travelers Insurance Company, 89 Nev. 467, 515 P.2d 68 (1974). It contends that in each instance where an assumption fee was exacted, its reasonableness would have to be determined, i.e., whether the particular transfer jeopardized appellant's security. Baltimore Life Insurance Company v. Harn, 15 Ariz.App. 78, 486 P.2d 190 (1971).

We cannot say, at this early stage, that the litigation will "splinter into individual trials." If appellee can establish an *automatic* exaction of an assumption fee, without inquiry as to impairment of security and without release of the transferor, the sole question would be whether such policy is wrongful. Thus, we conclude that the "predominance" requirement of Rule 23(b) (3) is satisfied.

Order affirmed.[1]

HOWARD, C. J., and KRUCKER, J., concur.

---

1. Appellee has posed a challenge to the appealability of the subject order which we reject. See Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2nd Cir. 1973); also see United States Supreme Court decision in *Eisen*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).