595 P.2d 183

Richard Leo EATON, a minor by his parents and next friends, Dale G. Eaton and Janice Eaton, Alicia Sesma, a minor by her parents and next friends, Ray Sesma and Stella Sesma, and the Arizona Association For Retarded Citizens, Inc., Individually and on behalf of all others similarly situated, Plaintiffs-Appellees,

v.

UNIFIED SCHOOL DISTRICT NO. 1 OF PIMA COUNTY, Arizona, Mohave Valley Elementary School District No. 16, Winslow School District No. 1 and Winslow High School District No. 1, Defendants-Appellants.

Nos. 1 CA–CIV 4196, 1 CA–CIV 4272.

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 4, 1979.

Rehearing Denied Feb. 2, 1979.

Review Granted Feb. 21, 1979.

Venable, Rice, Lee & Capra by Gilbert T. Venable, Phoenix, for plaintiffs-appellees.

DeConcini, McDonald, Brammar & Yetwin by Richard M. Yetwin, Tucson, for Unified School Dist. No. 1.

Bruno & Weisberg, P. C., by Sheldon H. Weisberg, Kingman, for Mohave Valley Elementary School Dist. No. 16.

Jay V. Flake, Navajo County Atty., Holbrook, by Warner G. Leppin, Deputy County Atty., Winslow, for Winslow School Dist. No. 1 and Winslow High Sch. Dist. No. 1.

OPINION

HAIRE, Presiding Judge.

The appellant/defendant school districts have appealed from an order entered by the trial court denying their motions to de-certify the defendant class previously certified by the trial court pursuant to the provisions of Rule 23, Arizona Rules of Civil Procedure. The appellees have moved to dismiss the appeals, alleging that they are from an interlocutory order that does not meet the finality requirements of A.R.S. § 12–2101, and that the interlocutory order is not otherwise made appealable under Arizona law.

In their response to the motion to dismiss, the appellants rely upon the provisions of A.R.S. § 12–2101 D, Division Two's decision in *Home Federal Savings & Loan Association v. Pleasants,* 23 Ariz.App. 467, 534 P.2d 275 (1975), and various federal decisions involving questions concerning the appealability of orders relating to class certification under the analogous federal rule, Rule 23, Federal Rules of Civil Procedure.

In Arizona the Court of Appeals derives its appellate jurisdiction wholly from statutory provisions. *See* Arizona Constitution Art. 6, § 9. Apart from certain special statutes not pertinent here,[1] the appellate jurisdiction of the Court of Appeals and the types of judgments and orders from which appeals may be taken are set forth in A.R.S. § 12–2101. By far the largest category of appealable judgments and orders are those classified as "final judgments", made appealable pursuant to A.R.S. § 12–2101 B. In our opinion, no argument can be made that the order here involved was final in the sense in which that term is used in A.R.S. § 12–2101 B. The order did not finally dispose of the case, leaving no question open for judicial determination. *See Properties Investment Enterprises, Ltd. v. Foundation for Airborne Relief, Inc.,* 115 Ariz. 52, 563 P.2d 307 (App.1977). In fact, it cannot even be said that the order finally disposed of the only issue with which it was concerned—class certification. Rule 23(c)(1), Ariz.R.Civ.P., expressly provides that such an order "may be altered or amended before the decision on the merits."[2]

In their response to the motion to dismiss, appellants state that the order is appealable pursuant to A.R.S. § 12–2101 D, which allows an appeal to be taken from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken." Appellants do not attempt to explain how this subsection can be applied to the order here involved. We are aware that the Arizona Supreme Court in *Reader v. Magma-Superi-*

---

1. *See, e. g.,* A.R.S. § 13–4032, limiting the state's right of appeal in criminal proceedings; A.R.S. § 12–120.21 A(1), limiting Court of Appeals' jurisdiction in certain criminal appeals; A.R.S. § 22–375, limiting appeals from the Superior Court in an action appealed from a justice of the peace or police court.

2. Rule 23(c)(1) reads as follows:
   "(1) *As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.* An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

*or Copper Co.,* 108 Ariz. 186, 494 P.2d 708 (1972), held that an order *refusing* to allow the plaintiffs to maintain an action as a class action was appealable. Applying the language of A.R.S. § 12–2101 D, the court in *Reader* noted that the trial court's order affected "a substantial right of the appellants", and "as a practical reality [foreclosed] the appellants from pursuing their action further", thus in effect determining the action and preventing a judgment from which an appeal might be taken. Appellants do not explain how such reasoning could be applicable to an order that rather than denying class certification, allows an action to be maintained as a class action. We do not perceive any logical basis for applying A.R.S. § 12–2101 D to the kind of order now before this Court.

The appellants and the appellees have devoted considerable attention in their memoranda to federal court decisions relating to the right to appeal from class certification orders entered in the federal district courts. While the federal decisions cited by the parties can best be described as conflicting, suffice it to say that some of the cited decisions do allow appeals from orders relating to class certification under Federal Rule 23, applying a very liberal interpretation of the "final decision" language of the governing federal appeals statute, 28 U.S.C.

§ 1291. The doctrines developed through these decisions are usually described as the "death knell" theory, the "reverse death knell" theory or the "collateral order" doctrine. In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the United States Supreme Court considered the conflicting decisions of the federal circuit courts, and rejected the various doctrines which had been relied upon by some of the circuits so as to treat class certification orders as "final decisions", appealable of right pursuant to 28 U.S.C. § 1291.[3] While the attempted appeal in *Coopers & Lybrand, supra,* involved a trial court order determining that the action could not be maintained as a class action, and thus is to that extent distinguishable from the order presented before this Court,[4] the reasoning of the United States Supreme Court is equally applicable to any trial court order relating to class certification pursuant to Rule 23. The fiction of "finality" previously indulged in by the various circuit courts was simply swept aside, and the United States Supreme Court indicated that any appellate review of orders relating to class certification which might be available in the future was to be sought under the discretionary procedure for interlocutory appeals provided in 28 U.S.C. § 1292(b).[5]

---

**3.** The reasoning of the United States Supreme Court in *Coopers & Lybrand* does not necessarily conflict with the Arizona Supreme Court's decision in *Reader v. Magma, supra,* since the basis of the Arizona Court's decision in *Reader* did not involve a finding that a class certification order constituted a "final judgment" appealable under A.R.S. § 12–201 B, but rather treated the order as an interlocutory order made appealable under the provisions of A.R.S. § 12–2101 D. We are not aware of any similar provision in the statute governing federal appeals.

**4.** As previously stated, the order before this Court is the trial court's order refusing to decertify the defendant class. For appeal purposes, we consider this order to be in all respects analogous to an order allowing the action to be maintained as a class action.

**5.** The United States Supreme Court in *Coopers & Lybrand* quoted Judge Friendly with approval as follows:

" '[T]he best solution is to hold that appeals from the grant or denial of class action designation can be taken only under the procedure for interlocutory appeals provided by 28 USC § 1292(b) [28 USCS § 1292(b)] . . . Since the need for review of class action orders turns on the facts of the particular case, this procedure is preferable to attempts to formulate standards which are necessarily so vague as to give rise to undesirable jurisdictional litigation with concomitant expense and delay.' *Parkinson v. April Industries, Inc.,* 520 F.2d 650, 660 (CA2 1975) (concurring opinion)." 437 U.S. at 475 n. 27, 98 S.Ct. at 2461, 57 L.Ed.2d at 362.

In Arizona practice, the special action procedure has been referred to as somewhat analogous to the federal system's discretionary interlocutory review provided by 28 U.S.C. § 1292(b). *See* Arizona Appellate Handbook, § 7.2, p. 7–2 (1978).

We now consider appellant's reliance upon *Home Federal Savings & Loan Association v. Pleasants, supra.* That case involved an appeal by the defendant from a superior court order permitting maintenance of the suit as a class action. After considering and ruling on the merits of the trial court's class certification order, Division Two of this Court concluded its opinion with the following footnote:

"Appellee has posed a challenge to the appealability of the subject order which we reject. See *Eisen v. Carlisle & Jacquelin,* 479 F.2d 1005 (2nd Cir. 1973); also see United States Supreme Court decision in *Eisen,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)." 23 Ariz.App. at 470, 534 P.2d at 278.

The above-quoted footnote constitutes the court's entire discussion of the timely-raised challenge to its jurisdiction. The court did not cite or discuss the provisions of any Arizona statute governing its appellate jurisdiction. Rather, reliance was placed upon the cited federal decisions, without any recognition being given to the substantial conflict that existed at that time on this question within the federal system itself. As we have indicated previously in this opinion, we find nothing in the Arizona statutory scheme which would authorize an interlocutory appeal from an order allowing an action to proceed as a class action. However, even if we were to ignore this crucial lack of statutory foundation and turn solely to the federal decisions for guidance, the reasoning of the United States Supreme Court in its opinion in *Coopers & Lybrand v. Livesay, supra,* compels the conclusion that review as of right by appeal from a non-final interlocutory class certification order should not be allowed. Instead, appellate review should be limited to that which might be granted by an appellate court solely on a discretionary basis pursuant to its special action jurisdiction.[6]

For the foregoing reasons we find *Home Federal Savings & Loan Association v. Pleasants, supra,* unpersuasive and decline

to follow it. Appellees' motion is granted, and the appeals are hereby dismissed.

FROEB, C. J., and DONOFRIO, J., concur.

---

**6.** This is not to be construed as indicating that this Court would, or would not, grant special

action review concerning the question presented on this appeal.