597 P.2d 190

**Sharon HANANIA, a single woman, for herself, and on behalf of all others similarly situated, Plaintiff/Appellee,**

v.

**The CITY OF TUCSON, Arizona, a municipal corporation, the Police Department of the City of Tucson, Arizona, Dorothy O'Neill, in her capacity as Custodian of Records, Police Department of the City of Tucson, Arizona, and James Kay, Jr., in his capacity as Director of Finance for the City of Tucson, Arizona, Defendants/Appellants.**

No. 2 CA–CIV 3127.

Court of Appeals of Arizona, Division 2.

April 19, 1979.

Rehearing Denied May 30, 1979.

Review Denied July 10, 1979.

**38**

O'Dowd & Burke by Bruce A. Burke, Tucson, for plaintiff-appellee.

Frederick S. Dean, Tucson City Atty. by Wm. E. Hildebrandt, Asst. City Atty., Tucson, for defendants-appellants.

## OPINION

HOWARD, Judge.

This is an appeal from an order of the trial court authorizing the maintenance of a class action under Rule 23, 16 A.R.C.P. The court also granted appellee's motion for summary judgment, in her individual capacity, on the issue of liability.[1]

The appellee, Hanania, sued the City of Tucson claiming that a fee of $1.00 per page charged by the Tucson Police Department for accident reports was excessive and unlawful. This case has not yet been tried on its merits.

In seeking review of the trial court's order as to the class action, appellants rely on *Home Federal Savings & Loan Ass'n v. Pleasants,* 23 Ariz.App. 467, 534 P.2d 275 (1975) as authority for its right to appeal. Appellee has moved to dismiss this appeal, contending that neither the order granting class action status nor the order granting summary judgment is appealable. We agree with the appellee.

The right to appeal depends upon the language of the applicable statutes. The appellate court only has such jurisdiction as the legislature has given it. The inquiry therefore is not what is desirable in the way of appellate jurisdiction, but what appellate power has been granted to the court of appeals.

A.R.S. Sec. 12–2101(B) authorizes appeals from final judgments. The only other subsection of the statute that might conceivably be applicable is subsection D, which authorizes an appeal:

"From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

In *Home Federal Savings & Loan Ass'n v. Pleasants,* supra, we relied on *Eisen v. Carlisle & Jacquelin,* 479 F.2d 1005 (2nd Cir. 1973) and *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). This reliance was misplaced. As has been pointed out in the case of *Hellerstein v. Mr. Steak, Inc.,* 531 F.2d 470 (10th Cir. 1976), cert. den. 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85, the order involved in the *Eisen* cases was more than a mere order that the case proceed as a class action. This led the court in *Hellerstein* to distinguish the *Eisen* cases and conclude that an order granting class action status is not appealable as a matter of right. The reasoning in *Hellerstein* is buttressed by the fact that the Second Circuit, which had decided *Eisen,* subsequently held in *Parkinson v. April Industries, Inc.,* 520 F.2d 650 (2nd Cir. 1975) that an order granting class action status was not appealable as a matter of right. As far as the federal courts are concerned, the issue was put to rest by the United States Supreme Court in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), wherein it held that an order granting or denying class action status was not appealable as a matter of right.

It is clear that an order granting class action status is not a "final judgment". Therefore, A.R.S. Sec. 12–2101(B) does not authorize an appeal. It is equally clear that an order granting class action status does not in effect determine the action; it is reviewable if and when there is an appeal. Therefore, A.R.S. Sec. 12–2101(D) does not apply. We have no jurisdiction to entertain

---

1. Since the motion for summary judgment was made prior to the court's granting of class action status, the trial court granted the motion in appellee's individual status only.

an appeal on this issue. Anything to the contrary in *Home Federal Savings & Loan Ass'n v. Pleasants,* supra, is specifically overruled.[2]

The appeal is dismissed.[3]

RICHMOND, C. J., and HATHAWAY, JJ., concur.

---

2. Division One of this court has come to the same conclusion in *Eaton v. Unified School District No. 1 of Pima County,* Ariz., 595 P.2d 169, (1979), review granted February 21, 1979.

3. Appellants also argue that propriety of granting summary judgment on the issue of liability to appellee in her individual capacity. The record, however, reflects that the notice of appeal specifies the order certifying class action and therefore was the only order appealed from.