ARKANSAS LOUISIANA GAS COMPANY,
et al. *v.* Glen MORRIS, et al.

87-190                                          744 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered February 16, 1988

*Daily, West, Core, Coffman & Canfield*, for appellant Arkansas Louisiana Gas Company, a Division of Arkla, Inc., and Arkla Exploration Company.

*J. H. Evans*, for appellant Arkoma Production Company.

*Hardin, Jesson & Dawson*, by: *Bradley D. Jesson*, and *Betsy Hall*, and *Turner & Mainard*, by: *Lonnie Turner*, for appellees.

JOHN I. PURTLE, Justice. The only issue on this appeal is whether the chancellor correctly granted class action certification. We affirm the chancellor's decision.

The appellees filed this action alleging that they were representative of a class comprised of all "fixed price" lessors of several hundred mineral tracts in the Cecil Field located in Franklin, Crawford, and Sebastian Counties, Arkansas. The appellees, whose "fixed price" leases were entered into during the 1940's and 1950's, want to be paid royalties on the new wells drilled in the Cecil Field based upon the "proceeds" from the sale of gas from the new wells. The original complaint contained eight or ten different theories of recovery including estoppel, waiver, and reformation. After a hearing on the petition to proceed in a class action, the court determined it was proper for the appellees to proceed as a class pursuant to A.R.C.P. Rule 23.

Rule 23, Arkansas Rules of Civil Procedure provides in part as follows:

> (a) . . . Where the question is one of a common or general interest of many persons or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all.
>
> (b) An action may be maintained as a class action if the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . . An order under this section may be conditional and it may be altered or amended before the decision on the merits.

The requirements of section (a) have been met in this case. But this is only a threshold question. The class action must stand or fall on the section (b) holding by the court that questions of law or fact common to the members of the class predominate over any question affecting only individual members and that the class action is superior to other available methods for fair and efficient adjudication of the controversy.

Appellants contend that since the appellees' pleadings contain estoppel and reformation theories of recovery, the pleadings automatically indicate that questions of fact affecting individual members of the class predominate over questions of law and fact common to all members of the class. Appellants argue that before the appellees can prevail as a class under an estoppel theory, each member of the class would have to show his or her individual detrimental reliance. Appellants also point out that the appellees as a class cannot prove a reformation theory of recovery unless every member of the class can show a mutual mistake or a unilateral mistake accompanied by fraud and inequitable conduct.

The appellants rely primarily on the case of *Ford Motor Credit Company* v. *Nesheim*, 287 Ark. 78, 696 S.W.2d 732 (1985). In *Nesheim* the chancellor granted a conditional class action. We reversed that decision primarily because the defenses

of mutual mistake, waiver, estoppel, and set off pled by the defendant as well as the defendant's possible counter claims would splinter the action into possibly 6,000 individual cases. The foreseeable problems of manageability and the lack of prejudice to anyone by denying certification led us to conclude that the class action would not be superior to individual remedies.

Even if appellants are correct in this respect it does not require decertification of the class action because the appellees allege several other grounds for relief and other valid grounds for relief may be developed during the trial. Additionally, at this point in this case there are no indications of management problems or prejudice to any party in allowing the case to proceed as a class action. We are able to determine from the record a common question of fact that all "fixed price" lessors in the Cecil Field have been treated identically by the defendant lessees for a number of years. The parties have for some reason ignored the royalty amount fixed in the original leases and have paid and accepted royalties of different amounts. It is apparent that the common question of law in this case is whether the defendants' course of conduct gives rise to a cause of action in favor of the "fixed price" lessors in the Cecil Field. There is no requirement that the trial court find that the facts as to each individual of a class action must in every respect be identical with that of all other members of the class. It is enough to show that a common question of law or fact predominates over other questions affecting only individual members.

If the trial court finds that the evidence presents individual questions of reliance or mistake, it could either defer those individual questions until after it disposed of the questions common to the class, or at any time prior to judgment, order an amendment of the pleadings eliminating therefrom all reference to representation of absent persons, and order entry of judgment in such form as to affect only the parties to the action and those who were adequately represented.

Although our class action rule is patterned somewhat after the federal rule, there is a considerable difference in application. The federal rule leans toward allowing class actions whereas our position tends to discourage class actions if the matter can be handled by individual action. But in *Cooper*

*Communities, Inc.* v. *Sarver*, 288 Ark. 6, 701 S.W.2d 364 (1986) and *Drew* v. *First Federal Savings & Loan Association of Fort Smith*, 271 Ark. 667, 610 S.W.2d 876 (1981), we held that in determining the appropriateness of a class action, the trial judge has broad discretion. From the record before us we are unable to say that the chancellor abused his discretion in declaring this to be a proper class action.

Affirmed.

HAYS, J., not participating.

HICKMAN & GLAZE, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I agree with the result reached but write to point out that we are, in my judgment, overruling our decision in *Ford Motor Credit Company* v. *Nesheim*, 287 Ark. 78, 696 S.W.2d 732 (1985). When the Rules of Civil Procedure were adopted, we took the view that class actions would not be favored. Indeed, we looked upon them with disfavor. That view prevailed through the *Ford Motor Credit* case, decided in 1985.

I think the court has moderated its view regarding class actions.

TOM GLAZE, Justice, concurring. While I agree with the result reached by the majority, I do so because the limited record before us now reflects that, after these "fixed price" leases were executed in the 1940's and 1950's, the appellants have not treated any of the Cecil Field fixed-price lessors in an individual manner. Rather, the appellants appear to have treated those lessors the same, irrespective of the fixed rate set forth in the individual leases. At this point, at least, I cannot say the trial judge was wrong in certifying this case as a class action. As the case develops more fully, the evidence may reflect the class order should be altered or amended, which the trial judge is authorized to do under Rule 23 of the Arkansas Rules of Civil Procedure.