BURTON, et ux., Appellants, v. RYTHER et ux., Respondent.

(161 N. W. 350.)

( File No. 4060.    Opinion filed February 16, 1917.)

**1.   Vendor and Purchaser—Rescission by Vendee—Vendor's Inability to Fulfill, Necessity of Showing.**

Before a vendee of realty who has made partial payments on purchase price can repudiate his contract of purchase and recover the sums paid, when no question of fraud or misrepresentation is involved, he must show that vendor is unwilling or unable to fulfill terms of the contract, or has committed some act entitling vendee to rescind.

**2.   Same—Vendor's Failure to Tender Deed, to Pay Taxes, Immateriality of, When Vendee in Default.**

Where, under a land purchase contract, vendee is professedly unable to perform by paying balance of purchase price pursuant to contract, the failure of vendor to tender a deed of conveyance thereunder, or to pay taxes, is immaterial, and such failure does not entitle vendee to recover the amount already paid; the contract providing that upon default in payment of balance of purchase money, payments already made should be forfeited and retained as liquidated damages. So **held**, where vendor's deed was deposited in bank at which interest had been paid, and vendee's sole ground for refusing to pay balance due was that he did not have and could not obtain the money, and not because of vendor's failure to tender deed and to pay taxes.

**3.   Same—Retaking Possession by Vendor, Effect on Vendee's Right to Recover Purchase Money.**

Where vendee under a land purchase contract was in default in payment of balance of purchase price, the fact that vendor retook possession, the undisputed evidence showing that this was done by consent of vendee, who sold to vendor certain coal and hay remaining on the premises and voluntarily gave up possession, is no ground for recovery of purchase money paid under the contract.

Appeal from Circuit Court, Pennington County.   Hon. Levi McGee, Judge.

Action by Robert Burton and wife, against Lawrence R. Ryther and wife, to recover purchase money paid under a contract of sale of realty. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*J. M. Hodgson,* for Appellants.

*Buell & Denu,* for Respondents.

(1) To point one of the opinion, Appellant cited: Hogan v. Bechtel, 27 S. D. 98; Barnes v. Clement, 12 S. D. 270; Woodford v. Kelley, 18 S. D. 615; Bedow v. Tonkin, 5 S. D. 432.

(2) To point two of the opinion, Appellant cited: Ink v. Rohrig, 27 S. D. 548; Spolek v. Hatch, 21 S. D. 386; Maryland Steel Co. v. United States, 235 U. S. 451, 59 Law Ed. 312; Hogan v. Bechtel, 27 S. D. 98; Barnes v. Clement, 12 S. D. 270.

Respondent cited: Spolek v. Hatch, 21 S. D. 386, 113 N. W. 75; Hogan v. Bechtel, 27 S. D. 98, 129 N. W. 914; Barnes v. Clement, 12 S. D. 270, 81 N. W. 301; Hogan v. Bechtel, 27 S. D. 98, 129 N. W. 914; Hall v. Yaryan, (Idaho), 138 Pac. 339; List v. Moore, (Cal.) 129 Pac. 962; Glock v. Howard, (Cal.) 55 Pac. 713.

(3) To point three of the opinion, Appellants cited: Barnes v Clement, 12 S. D. 270; Weitzel v. Leyson, 23 S. D. 367; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408; Brewster v. Wooster, 131 N. Y. 473, 30 N. E. 489; Todd v. Leach, (Ga.) 28 S. E. 43; Todd v. McLaughlin, (Mich.) 84 N. W. 146; Carter v. Fox, (Cal.) 103 Pac. 910.

POLLEY, J.   Plaintiffs and defendants entered into a contract whereby defendants agreed to sell, and plaintiffs agreed to purchase, a house and certain lots in Rapid City, including the furniture and furnishings contained in said house. The consideration agreed on was $9,000; $1,000 was paid in cash, and plaintiffs were given possession of the property. The balance of $8,000 was to be paid at the end of one year, to-wit, on the 10th day of November, 1913. The contract provided that, if the said deferred payment was not made when due, said sum of $1,000 already paid, together with interest on the deferred payment and certain sums plaintiffs were to expend for improvements on the property, should be forfeited to defendants as liquidated damages; possession of the property was to be restored to defendants, and plaintiffs' rights were to be terminated. Plaintiffs paid the in-

terest and paid for the improvements agreed upon, amounting in all, with the $1,000 cash payment that had been made, to a little over $1,800, but failed to pay the balance of the purchase price when it became due; whereupon defendants re-entered and took, and have since retained, possession of the property. Thereafter plaintiffs commenced this action for the recovery of the money they haid paid under the contract. Defendants had judgment, and plaintiffs appeal.

By their answer, the defendants admitted the facts as above stated; and, by way of affirmative defense, alleged that the rental value of the premises during the time plaintiffs were in possession thereof was $150 per month; and further alleged that when the final payment became due plaintiffs not only failed, neglected, and refused to pay the same, or any part thereof, but represented to defendants that they were unable to pay the same, or any part thereof, and voluntarily surrendered the possession of said premises to defendants, and thereby terminated and abandoned the said contract and all their rights thereunder.

The trial court found as a fact that the rental value of the said property, during the time it was occupied by appellants, was $150 per month; that at the time the $8,000 payment became due the plaintiffs were wholly unable to pay the same; and that they never tendered said amount to respondents nor demanded a conveyance of the title to the said premises. The court further found that the respondents were ,at all times, ready, able, and willing to convey to appellants a title such as they contracted for, and that on or between the 10th and 12th days of November, 1913, respondents executed and caused to be tendered to appellants a proper conveyance of said premises on condition that appellants pay the balance due on the purchase price; that appellants failed and refused to pay the same, or any part thereof. The court further found that on the 13th day of November, 1913, appellants informed respondents that they were unable to pay the balance due on the purchase price of the property, and expressed their intention to abandon said premises and surrender possession to respondents, and to terminate and relinquish all their rights under the said contract; that appellants did, on the said 13th day of November, abandon and surrender said premises and terminate all their rights under the said contract, and have, at no time, per-

formed or attempted to perform said contract. As a conclusion
of law, the court found that respondents had suffered damages
sufficient in amount to offset the amounts that had been paid and
expended by appellants under the contract.

As grounds for a reversal of the judgment, appellants assign
the insufficiency of the evidence to sustain the findings of fact
and errors of law on the part of the trial court in the admission
of evidence of the value of the use and occupation of the premises
involved during the time the same were occupied by the appel-
lants.

[1] It is not necessary to take up these assignments and
consider them in detail, because, as we view the facts, appellants
have not shown themselves entitled to recover upon any theory
of the case. Before a party who as vendee has contracted to
purchase real estate and has made partial payments on the
purchase price thereof can repudiate such contract and recover
from the vendor the sums so paid on the purchase price, assum-
ing of course that no question of fraud or misrepresentation is
involved, he must show that the vendor is unable or unwilling
to fulfill the terms of the contract, or that such vendor has com-
mitted some act that will entitle the vendee to rescind the contract.

[2] Appellants base their right to recover upon the grounds:
First, that respondents did not tender appellants a deed of convey-
ance conveying to them title to the premises involved; second,
that, respondents' title was not free from incumbrance on the
10th day of November, 1913; and, third, that respondents re-
entered and took possession of the premises without allowing
appellants a reasonable time to make payment. Neither of these
contentions is supported by the record. It is true that, at the
time the final payment became due and was demanded, the 1912
taxes against the property had not been paid. And it is also
true that respondents did not personally tender to appellants a
deed conveying the property to them; but they did execute such
a deed and leave it at the bank where appellants had paid the
interest, with instructions to deliver it to appellants upon pay-
ment of the balance due on the purchase price. But these facts
were in no wise responsible for appellants' failure to pay the
balance of the purchase price, nor were these facts assigned at
the time as reasons for their failure to make such payment. The

undisputed evidence shows that at the time said payment became due and on the following day respondents made repeated requests upon appellants to pay said balance, and that the only reason they gave, at that time, for not paying the same was that they did not have, and could not get, the money with which to make such payment. No objection was made to respondents' title, and no demand was made for a deed, and appellants do not pretend that they could have paid the balance of the purchase price if said taxes had been paid and proper deed been tendered. If appellants had tendered to respondents the balance due on the purchase price and demanded the execution and delivery of a deed conveying title free from any incumbrance, and respondents had refused to pay said taxes or to execute and deliver such deed, an entirely different case would have been presented.

[3] The facts relative to respondents' taking possession of the premises do not show that respondents' acts were wrongful or unlawful. On the second day after the said final payment became due and after appellants had repeatedly refused to make such payment, Mrs. Ryther, one of the respondents, went to the house and was admitted by one of appellants' tenants. Neither of appellants was present, but Mr. Burton (one of the appellants) was telephoned for and immediately went to the house. Just what was said between Mrs. Ryther and Mr. Burton relative to Mrs. Ryther having come to take possession of the premises is in dispute, but it is not contended that Mr. Burton made any objection to her remaining in the house, and it is not disputed that they proceeded in an amicable manner to make arrangements for a change of possession. They agreed upon the time when appellants should move out and when respondents should move in, and such agreement was fully carried out by both parties. Appellants had a small quantity of coal and hay on the premises at the time. This they did not care to move; and after agreeing upon a price, said articles were purchased and paid for in cash by respondents, and a complete settlement was had without any claim or demand by appellants for a return of any part of the purchase price that had been paid.

Under these circumstances, appellants were not entitled to recover the amount that had been paid under the terms of the contract, and the judgment and order appealed from are affirmed.