GRIFFIN, Respondent v.
DWYER, et al., Appellants

(220 N.W.2d 1)

(File No. 11276. Opinion filed July 12, 1974)

Samuel W. Masten, Canton, David V. Vrooman, Sioux Falls, for plaintiff and respondent.

Woods, Fuller, Shultz & Smith and William G. Taylor, Jr., Sioux Falls, for defendants and appellants.

WOLLMAN, Justice.

This is an appeal by defendants from a judgment entered against them in a legal malpractice action. Because we are of the opinion that the judgment in question is not a final judgment and that therefore this appeal must be dismissed, we will give only a brief summary of the facts as found by the trial court.

Plaintiff Lorraine Griffin was jointly represented by attorneys Harold Dwyer[1] and James W. Donahoe in an action against

---

1. Harold Dwyer died prior to the institution of this action and his executrix was named as a party defendant.

one Lyman Mollet for personal injuries which plaintiff had suffered in an automobile accident on November 4, 1968. The case was tried and on October 29, 1969, a jury verdict was returned in favor of defendant Mollet. Subsequent to October 29, 1969, Dwyer and Donahoe agreed that they would take the necessary proceedings to appeal plaintiff's case to this court and to take such other measures allowed by law for relief from the adverse judgment that had been entered against plaintiff. No notice of appeal was ever filed. One hundred and eighteen days after entry of the adverse judgment, Dwyer and Donahoe filed a motion for a new trial with the circuit court but failed to bring the motion on for hearing.

In the instant action the trial court concluded that Donahoe had taken proper exceptions to two instructions that were submitted to the jury during the trial of the case against defendant Mollet. The trial court concluded that these two instructions were prejudicially erroneous as a matter of law and that had Dwyer and Donahoe pursued the motion for a new trial or taken an appeal a new trial would have been granted on the motion or a reversal of the judgment would have been obtained on appeal and a more favorable judgment for plaintiff would have resulted. Conclusion of Law No. VI stated that "The issues of the liability of Ivan (sic) Mollet to Lorraine Griffin and damages, if any, will be triable de novo to the Court."

Based upon the findings and conclusions, the court entered a judgment, which stated in part that:

"IT IS ORDERED, ADJUDGED AND DECREED that the above named defendants were guilty of negligence and are liable to the plaintiff Lorraine Griffin for all damages proximately caused by said negligence.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the issues of damages shall be tried de novo to the Court at the next regular term of this Court."

We conclude that this is not a final judgment within the meaning of SDCL 15-26-1(1) inasmuch as it did not finally

and completely adjudicate all of the issues of fact and law involved in the case. Dolan v. Hudson, 83 S.D. 144, 156 N.W.2d 78. It is the substance of the decision rather than its form or name that is the test of finality. Dolan v. Hudson, supra.

We hold, therefore, that the appeal must be dismissed and the case remanded to circuit court for further proceedings. Cf. Brasel v. City of Pierre, 87 S.D. 561, 211 N.W.2d 846; Shryock v. Mitchell Concrete Products, Inc., 87 S.D. 566, 212 N.W.2d 498.

All the Justices concur.