**Helen RIEDE, Plaintiff and Respondent,**

**v.**

**Walter C. PHILLIPS and Rose M. Phillips, Defendants and Appellants.**

**No. 12410.**

Supreme Court of South Dakota.

Argued Jan. 25, 1979.

Decided April 19, 1979.

Rodney J. Steele of Wilkinson & Steele, De Smet, for plaintiff and respondent.

Patrick J. Kirby, Mitchell, Lloyd J. Mahan, Parkston, for defendants and appellants.

HALL, Circuit Judge.

Plaintiff and defendants executed a contract for deed in June of 1975 whereby plaintiff agreed to sell and defendants to buy a mobile home park in Huron, South Dakota. Defendants made a $25,000 down payment and were to make monthly payments toward the purchase price. Plaintiff brought this action alleging that defendants were in default by failing to make any payments after September of 1976 and requested cancellation and forfeiture of the contract or, in the alternative, strict foreclosure. Defendants' answer denied the allegations. By way of counterclaim, defendants asserted that plaintiff made numerous material misrepresentations which fraudulently induced defendants to execute the contract and asked for damages.

Counsel for plaintiff and defendants later stipulated that plaintiff was the owner of the real estate, that the contract for deed was valid provided the court found no fraud, undue influence, mistake, deceit or misrepresentation, and that defendants were in default. At that point, plaintiff rested her case.

Defendants then made a motion that plaintiff be ordered to return the $25,000

1. SDCL 53–9–4 and 53–9–5. Defendants were allowed to amend their pleadings to include this claim.

2. This court has previously recognized its authority to raise the question of appealability under this statute *sua sponte*. *See Shryock v.*

down payment to defendants on the ground that the provision in the contract which provided for its retention constituted a penalty under South Dakota law.[1] Defendants stipulated that the court could issue an order of strict foreclosure against them with the understanding that they would still be allowed to litigate their counterclaim for fraud. An order of strict foreclosure was later issued by the trial court.

Upon plaintiff's motion, and over defendants' objection, the trial court allowed plaintiff to reopen her case to present evidence that the liquidated damages clause was valid. After hearing evidence on this issue, the trial court granted plaintiff a judgment from which defendants appeal. We conclude that the appeal is procedurally deficient and must be dismissed.

SDCL 15–6–54(b) states in part,

When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.[2]

The test for multiplicity of claims is " 'whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced'." *Ochs v. Northwestern Nat. Life Ins. Co.*, S.D., 254 N.W.2d 163, 167 (1977), quoting *Reiser v. Baltimore & Ohio Railroad Co.*, 2nd Cir., 224 F.2d 198, 199 (1955).

"A single claimant presents multiple claims for relief . . . when his possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action. . . . C. Wright & A. Miller, [Federal Practice and Procedure], § 2657, at 52."

*Mitchell Concrete*, 87 S.D. 566, 212 N.W.2d 498 (1973); *Brasel v. City of Pierre*, 87 S.D. 561, 211 N.W.2d 846 (1973); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2260, pp. 84, 85.

■ In the case at bar, defendants presented one claim based on the contention that the liquidated damages clause in the contract is unlawful under South Dakota law. Under this claim, they could recover their down payment. Defendants also asserted a claim of fraud for which they could recover damages. The theories supporting the two claims are separate and distinct, one being statutory and the other a common-law tort. Since defendants did not plead the claims in the alternative, the claims are not mutually exclusive and could be separately enforced. Therefore, defendants presented multiple claims for relief and the action is within the ambit of SDCL 15–6–54(b). That statute requires that the court make an express determination that there is no just reason for delay and an express direction for the entry of judgment when multiple claims are involved and a final judgment is rendered with regard to less than all the claims. *Bettelyoun v. Sanders*, S.D., 243 N.W.2d 790 (1976). Only if that determination and direction is made or the remaining issues in the case have been decided, can the judgment be appealed as a final judgment. 10 Wright & Miller, Federal Practice & Procedure: Civil § 2656, p. 40; *see also Bettelyoun v. Sanders*, supra at 792.

> Absent a certification under Rule 54(b) any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory. Wright & Miller, supra, § 2654, p. 34.

In the instant case, no certification was obtained and the issue of fraud remains to be decided. Consequently, this court holds that the judgment of the trial court with regard to the liquidated damages issue is not a final judgment under SDCL 15–6–54(b) and is not appealable.

■ SDCL 15–26–1(1) provides that an appeal may be taken from a judgment of the circuit court. The term "judgment" refers to a judgment which is final rather than interlocutory. *Griffin v. Dwyer*, 88 S.D. 357, 220 N.W.2d 1 (1974); *Dolan v. Hudson*, 83 S.D. 144, 156 N.W.2d 78 (1968); *Williams v. Wait*, 2 S.D. 210, 49 N.W. 209 (1891); SDCL 15–6–54(a). SDCL 15–26–1(1) must be read in conjunction with SDCL 15–6–54(b) in order that both statutes will be given effect. *Bettelyoun v. Sanders*, supra, at 793. Since we have concluded that the trial court's judgment lacks finality under SDCL 15–6–54(b), it follows that the judgment also lacks finality for purposes of appeal under SDCL 15–26–1(1).[3]

■ Furthermore, to constitute a final and appealable judgment under SDCL 15–26–1(1), it must finally and completely adjudicate all of the issues of fact and law involved in the controversy. *Griffin v. Dwyer*, supra; *Dolan v. Hudson*, supra. The test of finality is the substance of the decision appealed from rather than its form or name. *Dolan v. Hudson*, supra; 4 C.J.S. Appeal and Error § 94, p. 265. Since defendants reserved their right to litigate the issue of fraud, there has not been "a full consideration and determination of all the questions presented by the parties for litigation" nor has judgment been rendered "upon the merits on all the issues in dispute." *Williams v. Wait*, supra, 2 S.D. at 213, 49 N.W. at 209. Were this court to affirm the judgment as it now stands, the lawsuit would still not be at an end. Such a result would not promote the underlying policy of the finality requirement that litigation should not proceed piecemeal. 4 C.J.S. Appeal and Error, supra, § 92, p. 244.

■ Part of plaintiff's argument on appeal is that the penalty statute does not apply in this case and that the holding in *Burton v. Ryther*, 38 S.D. 342, 161 N.W. 350 (1917) disposes of defendants' claim for a refund of the down payment. The *Burton* rule is that the vendor may retain any down payment made by the vendee when 1) the vendor is ready, willing and able to perform; 2) the vendee is in default; and 3) no question of fraud or misrepresentation is

---

**3.** Applying the same reasoning, this court in *Bettelyoun v. Sanders*, S.D., 243 N.W.2d 790 (1976), dismissed an appeal from a trial court's order dismissing a party defendant in a multiple party action where the requisite certification was not obtained.

involved. This court cannot decide whether the *Burton* rule is applicable in the instant case absent a decision on the fraud issue. It is manifestly clear that such a determination is necessary to finally and completely resolve the issues presented for litigation.

For the foregoing reasons, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this opinion.

All the Justices concur.

HALL, Circuit Judge, sitting for FOSHEIM, Justice, disqualified.