Luevern SMITH and Betty Jones, as Taxpayers of the County of Tripp on Behalf of Themselves and all similarly situated taxpayers, Plaintiffs and Appellees,

v.

Tom D. TOBIN, Individually and in his capacity of State's Attorney, Warren E. Sealey, Don Mason and Wesley Frantz, individually and in their capacity as County Commissioners, Defendants and Appellants.

No. 13070.

Supreme Court of South Dakota.

Considered on Brief of Appellants Jan. 15, 1981.

Decided Oct. 21, 1981.

John J. Simpson, Winner, for plaintiffs and appellees.

Philip N. Hogen, Kadoka, for defendant and appellant Tom D. Tobin.

William J. Srstka, Jr., of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for defendants and appellants Warren E. Sealey and Wesley Frantz.

Robert J. Maule, Winner, for defendant and appellant Don Mason.

DUNN, Justice.

This is an appeal from an order of the trial court denying the maintenance of a class action under SDCL 15–6–23. We dismiss the appeal.

Appellees Luevern Smith and Betty Jones, on behalf of themselves as taxpayers of the County of Tripp and for all others similarly situated, brought suit against appellant Tom D. Tobin, state's attorney, and appellants Warren E. Sealey, Don Mason and Wesley Frantz, county commissioners. Appellees seek recovery of the sum of $14,-958.20, which they allege was illegally paid to Tobin by the county commissioners.

The case was set for a jury trial by the court. Appellants Sealey and Frantz moved to stay trial until notice of the case had been given to all potential members of the class, pursuant to SDCL 15–6–23(c), and by letter requested that the class be certified. The trial court denied certification of the class. Appellants seek review of the order denying certification, relying on *Rollinger v. J. C. Penney Company*, 86 S.D. 154, 192 N.W.2d 699 (1971), as authority for their right to appeal.

An appeal may not be taken from an order unless it is authorized under SDCL 15–26A–3. An attempted appeal from an order from which no appeal lies confers no jurisdiction on this court, except to dismiss. *Oahe Enterprises, Incorporated v. Golden*, 88 S.D. 296, 218 N.W.2d 485 (1974).

An appeal is authorized under SDCL 15–26A–3(1) from a judgment of the circuit court. This court has interpreted the term "judgment" to refer to a judgment which is final rather than interlocutory. *Riede v. Phillips*, 277 N.W.2d 720 (S.D.1979). It must finally and completely adjudicate all of the issues of fact and law presented by the parties for litigation. *Id.; Griffin v. Dwyer*, 88 S.D. 357, 220 N.W.2d 1 (1974).

An order denying class action certification does not adjudicate all the issues of fact and law involved in the controversy leaving no question open for final determination. The United States Supreme Court in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) recognized, under the comparable federal rule, that the denial of class action certification is interlocutory in nature and not subject to direct appeal. Many states have adopted the Supreme Court rationale and have dismissed appeals from certification orders as interlocutory. *See Petruchius v. Don Roth Restaurants, Inc.*, 79 Ill.App.3d 1071, 35 Ill.Dec. 278, 398 N.E.2d 1228 (1979)

(appeal dismissed from denial of class action certification); *First Alabama Bank, Etc. v. Martin,* 381 So.2d 32 (Ala.1980); *Hanania v. City of Tucson,* 123 Ariz. 37, 597 P.2d 190 (App.1979); *Eaton v. Unified Sch. Dist. No. 1 of Pima Cty.,* 122 Ariz. 391, 595 P.2d 183 (App.1979); *Knowles v. Standard Sav. & L. Ass'n,* 274 S.C. 58, 261 S.E.2d 49 (1979) (appeal dismissed from granting of class action certification). *But see Alessandro v. State Farm Mut. Auto. Ins. Co.,* 487 Pa. 274, 409 A.2d 347 (1979).

This court has recognized that the policy underlying the finality requirement is that litigation should not proceed piecemeal. *Riede v. Phillips,* supra. In light of this policy, we find persuasive the rationale of *Livesay* restricting appellate review in order to prevent the " '... debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy.' " *Livesay,* 437 U.S. at 471, 98 S.Ct. at 2459, 57 L.Ed.2d at 359, quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732, 744 (1974).

In light of the United States Supreme Court holding in *Livesay,* we find *Rollinger v. J. C. Penney Company,* supra, unpersuasive and decline to follow it. We hold that the denial of class action certification is interlocutory in nature and not appealable as a matter of right. Anything to the contrary in *Rollinger* is specifically overruled.

The appeal is dismissed.

All the Justices concur.