#28538-a-SLZ
**2018 S.D. 77**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

DOLLAR LOAN CENTER OF
SOUTH DAKOTA, LLC,                                          Appellant,


        v.


STATE OF SOUTH DAKOTA,
DEPARTMENT OF LABOR AND
REGULATION, DIVISION OF
BANKING,                                                   Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE PATRICIA J. DEVANEY
Judge

\* \* \* \*

ZACHARY W. PETERSON
JACK H. HIEB
Richardson, Wyly, Wise,
    Sauck & Hieb, LLP
Aberdeen, South Dakota                      Attorneys for appellant.


MARTY J. JACKLEY
Attorney General

PAUL E. BACHAND
EDWARD S. HRUSKA, III
Special Assistant Attorneys General
Pierre, South Dakota                        Attorneys for appellee.

\* \* \* \*

ARGUED ON
OCTOBER 1, 2018
OPINION FILED **11/14/18**

#28538

ZINTER, Justice[1]

[¶1.]     The South Dakota Department of Labor and Regulation, Division of Banking (Division) issued a cease and desist and license revocation order directing the immediate revocation of the money lender licenses of Dollar Loan Center of South Dakota, LLC.  While a hearing before the Office of Hearing Examiners was pending on the matter, Dollar Loan appealed the Division's order to circuit court.  The circuit court dismissed the appeal, concluding there was no statutory right to appeal the order and Dollar Loan had failed to exhaust available administrative remedies.  We affirm.

*Facts and Procedural History*

[¶2.]     In 2017, South Dakota voters approved an initiated measure (Initiated Measure 21) making it illegal for money lenders licensed under SDCL chapter 54-4 to issue loans that impose finance charges exceeding 36% "including all charges for any ancillary product or service and any other charge or fee incident to the extension of credit."  SDCL 54-4-44.  The loans covered by the new law included short-term payday loans, which are defined in SDCL 54-4-36(15).

[¶3.]     After the new law went into effect, Dollar Loan informed the Division it intended to start using a new loan product that would not exceed the 36% rate.  Dollar Loan provided the Division a copy of the new loan contract.  The contract disclosed that the new loans would be unsecured and would require full payment of principal and interest upon maturity.  The loans would also require late fees if the full payment was not received upon the due date, and the failure to pay the full loan

_____

1.     This opinion was decided prior to Justice Zinter's death.

amount on the due date would cause the loan to be in default. Every seven days after default, Dollar Loan would charge an additional late fee and continue to do so until the loan, all accrued interest, and late fees were paid in full.

[¶4.] Almost immediately after Dollar Loan started making the new loans, the Division gave notice of intent to conduct an examination. On July 13, 2017, the Division reviewed Sioux Falls and Rapid City loans at Dollar Loan's Sioux Falls office. After the first examination, the Division asked follow-up questions. The Division then conducted a more thorough examination at Dollar Loan's Sioux Falls office.

[¶5.] As a result of the examinations, Division Director Bret Afdahl executed a cease and desist and license revocation order on September 13, 2017. The order was based on findings of fact and conclusions of law. The order found the new loans were unsecured and ranged in principal amounts from $250 to $1,000. It further found the new loans matured in seven days and required full payment of principal and interest upon maturity. The order indicated Dollar Loan had "neither applied for nor received authorization from the Division to originate or service 'short term consumer loans.'" The order also found that the actual interest rate, after considering the late fees, ranged between 300% and 487%, which in the Division's view indicated Dollar Loan's new product was designed to incur late fees.

[¶6.] Based on these findings, the order concluded Dollar Loan originated and serviced "short term consumer loans" for which it was not licensed. It further concluded the loans were "a device, subterfuge, or pretense to evade the

requirements of SDCL 54-4-44." Citing SDCL 54-4-49, the Division found "good cause to immediately revoke [Dollar Loan's] money lender licenses[.]"

[¶7.] Accordingly, the order revoked Dollar Loan's money lender licenses. The order also declared void and uncollectable any loan originated by Dollar Loan after June 21, 2017. Dollar Loan was directed to immediately cease engaging in the business of lending money in South Dakota and to immediately surrender all South Dakota money lending licenses to the Division. However, the order indicated it would "remain in effect unless set aside, limited, or suspended by the Division or upon court order after review under South Dakota law." It also expressly provided that any person aggrieved could request a hearing before the South Dakota Banking Commission. Dollar Loan did not request a hearing on the matter.

[¶8.] On September 21, 2017, Dollar Loan filed suit in federal court against Afdahl in his individual capacity under 42 U.S.C. § 1983. Dollar Loan alleged Afdahl violated its right to due process when he revoked its money lender licenses without a hearing. Afdahl was served on September 25.

[¶9.] On September 28, the Division issued a limited stay of its September 13 order.[2] Shortly thereafter, it served Dollar Loan with notice of an administrative hearing to be held on October 17 before the South Dakota Office of Hearing Examiners. The purpose of the hearing was to "determine whether Dollar Loan Center ha[d] violated the provisions of SDCL Chapter 54-4, and whether or

---

2. The limited stay provided in part that Dollar Loan "may service any loans originated . . . prior to November 16, 2016 so long as the servicing of those loans does not violate SDCL Chapter 54-4[.]"

not its money lending license should be revoked and the terms and conditions in the [order] should be enforced."

[¶10.] On October 5, Dollar Loan requested a continuance of the scheduled administrative hearing. It indicated it needed more time to prepare. An administrative law judge granted the request and set a new hearing for April 12, 2018.

[¶11.] Although the administrative hearing was pending, on October 12, Dollar Loan appealed the Division's order to circuit court. It claimed the order was immediately appealable because it was either a "final agency action" or was an "intermediate agency action or ruling" and review of the final agency decision would not provide an adequate remedy. *See* SDCL 1-26-30. The Division disagreed and moved to dismiss. It asserted that its order was not of the type described in SDCL 1-26-30 and that the dispute was not reviewable until the administrative proceedings concluded.

[¶12.] The court concluded it had no jurisdiction to consider the appeal under SDCL 1-26-30 because the Division's order was neither a final decision nor an intermediate ruling from which adequate appellate relief could not be obtained. The court also concluded Dollar Loan had failed to exhaust available administrative remedies and that it did not qualify for any exception to the exhaustion requirement. Accordingly, the court dismissed the appeal.

[¶13.] Dollar Loan appeals the dismissal, and we restate its issues as follows:

> 1. Whether the Division's order was a final agency decision that was appealable within the meaning of SDCL 1-26-30.

> 2. Whether the Division's order was an intermediate agency decision that was immediately reviewable under SDCL 1-26-30.

We also address the Division's appellate assertion that this Court lacks jurisdiction to entertain Dollar Loan's appeal of the circuit court's order of dismissal.

*Decision*

*Supreme Court Appellate Jurisdiction*

[¶14.]        An appeal to this Court may not be taken from a circuit court order "unless it is authorized under SDCL 15-26A-3."[3] *Smith v. Tobin*, 311 N.W.2d 209, 210 (S.D. 1981); *accord Action Carrier, Inc. v. United Nat'l Ins. Co.*, 2005 S.D. 57, ¶ 24, 697 N.W.2d 387, 393. When a party attempts an "appeal from an order from which no appeal lies[,]" this Court only has jurisdiction to dismiss the appeal. *Smith*, 311 N.W.2d at 210. Dollar Loan cites SDCL 15-26A-3(2) as its jurisdictional authority to appeal the circuit court's dismissal. Under that provision, an appeal to this Court may be taken from a circuit court "order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken[.]" SDCL 15-26A-3(2).

[¶15.]        The Division responds that its order is not the type described in SDCL 15-26A-3(2). More specifically, it contends: (1) Dollar Loan's money lender licenses are not "rights" because lending money is a privilege; (2) dismissal of the appeal did not "determine the action" because a determination has yet to occur at

---

3.        Orders are distinguishable from judgments. A *judgment* is a "final determination of the rights of the parties in an action or proceeding." SDCL 15-6-54(a). An *order* is "[e]very direction of a court or judge, made or entered in writing and not included in a judgment[.]" *Id.*

the administrative level; and (3) the proceedings to date would not "prevent a judgment from which an appeal might be taken" because Dollar Loan will have a right to appeal after the administrative proceedings conclude. *See id.*

[¶16.]     The Division's contentions incorrectly look to what is yet to occur at the administrative level versus what has occurred in the circuit court. Notwithstanding the right at issue or the nature of the action to be taken at the administrative level, the circuit court's dismissal here "in effect determine[d]" Dollar Loan's claimed right to appeal the Division's order to circuit court without participating in an administrative hearing. *See id.* Further, regardless of what is yet to occur at the administrative level, the dismissal of the appeal means there will be no succeeding judgment of the circuit court from which an appeal "might be taken" to determine whether Dollar Loan had the right to a pre-hearing appeal. *See id.* Finally, the circuit court's dismissal "affect[ed]" Dollar Loan's claimed statutory right to appeal. *See id.* We conclude this Court has jurisdiction to review the appeal from the circuit court's determination that Dollar Loan had no right to appeal before the pending administrative hearing concluded.

*Circuit Court Appellate Jurisdiction*

   *a) Final Decision in a Contested Case*

[¶17.]     The circuit court's jurisdiction to entertain an administrative appeal is governed by SDCL 1-26-30. Under that statute, a party who is "aggrieved by a final decision in a contested case is entitled to judicial review[.]" *Id.* Dollar Loan points out that a contested case is defined to include "licensing." *See* SDCL 1-26-1(2).

Dollar Loan contends the Division's order determined Dollar Loan's right to its lending licenses with finality.

[¶18.] We recognize that the Division's order contains language expressing finality, but that order was not issued in a *contested case*, *i.e.* a proceeding in which Dollar Loan "had an opportunity for a hearing[.]" *See id.* Further, the Division partially stayed its order and commenced a contested case proceeding before the Office of Hearing Examiners to determine whether Dollar Loan had violated the provisions of SDCL chapter 54-4, whether its money lending license *should* be revoked, and whether the terms and conditions in the order *should* be enforced. Under the Administrative Procedures Act, it is only after this administrative hearing that the Division will issue a final decision in this matter. We conclude Dollar Loan's appeal was not taken from a final decision in a contested case.

[¶19.] Dollar Loan's appeal was also taken before it had exhausted its administrative remedies. "The doctrine of exhaustion of administrative remedies is one of the fundamental principles of administrative law and jurisprudence." *Johnson v. Kolman, a Div. of Athey Products Corp.*, 412 N.W.2d 109, 111 (S.D. 1987). In *Read v. McKennan Hospital*, 2000 S.D. 66, ¶ 12, 610 N.W.2d 782, 785, we pointed out that the purpose of the doctrine is to "permit the administrative agency to exercise its discretion, apply its expertise, and make a factual record upon which to base subsequent judicial review." Therefore, until the administrative process has run its course, judicial relief is withheld. *Johnson*, 412 N.W.2d at 111.

[¶20.] Here, the administrative process must run its course. At this point the Division has conducted its own investigation, but there is no evidentiary record of

Dollar Loan's use of its new loan product. Because judicial review is confined to the administrative record, *see* SDCL 1-26-35, such a record must be developed. In fact, without an administrative record of the Division's examinations and Dollar Loan's use of its new loan product, the judicial review contemplated under SDCL chapter 1-26 could not be had. *See, e.g., Delzer Const. Co. v. United States*, 487 F.2d 908, 909–10 (8th Cir. 1973) (ordering dismissal of action to allow for an administrative hearing because to conclude otherwise would mean "issues would be decided devoid of factual content" (quoting *DuBois Clubs v. Clark*, 389 U.S. 309, 88 S. Ct. 450, 19 L. Ed. 2d 546 (1967))). Further, considering the nature of the dispute, we believe "involvement of [the banking Division's] specialized administrative understanding" is necessary. *See Mordhorst v. Egert*, 88 S.D. 527, 533, 223 N.W.2d 501, 504 (1974). To conclude otherwise and allow Dollar Loan to appeal before the hearing would subvert these essential purposes of the exhaustion doctrine.

[¶21.]    Dollar Loan, however, argues it is entitled to the exhaustion exception recognized in *South Dakota Board of Regents v. Heege*, 428 N.W.2d 535, 539 (S.D. 1988): "Exhaustion is not required where the board having appropriate jurisdiction has improperly made a decision prior to a hearing or is so biased that a fair and impartial hearing cannot be had." Dollar Loan contends the exception applies here because exhaustion "at this point would be an exercise in futility." It points out that the Division revoked its licenses prior to a hearing, and it claims that it would be meaningless to now require Dollar Loan to go through that administrative hearing. We disagree.

[¶22.] *Heege* did not apply or interpret the exception relied upon by Dollar Loan—*Heege* identified the exception and cited *Mordhorst*, 223 N.W.2d at 504. *See Heege*, 428 N.W.2d at 539. We therefore look to *Mordhorst* for context.

[¶23.] The plaintiff in *Mordhorst* brought an original action in circuit court to enjoin the South Dakota State Board of Examiners in Optometry from conducting administrative proceedings on complaints filed against certain optometrists. 88 S.D. at 531, 223 N.W.2d at 503. The plaintiff claimed the Board was unconstitutionally constituted and, more specifically, bias and inaction rendered the Board incompetent to act. Following a trial on the merits of those constitutional claims, the court enjoined the Board from further administrative action. On appeal, we affirmed the injunction. We concluded exhaustion was not required because of the "constitutional questions" and the "showing of the inadequacy of administrative relief and impending irreparable harm flowing from delay incident to following the prescribed administrative procedures[.]" *Id.* at 532, 223 N.W.2d at 504.

[¶24.] Dollar Loan's case does not qualify for the exhaustion exception applied in *Mordhorst*. In contrast to the suit to prevent administrative proceedings in *Mordhorst*, Dollar Loan attempts to appeal during ongoing administrative proceedings. Additionally, although Dollar Loan raises a constitutional question regarding the need for a pre-revocation hearing, the Division's commencement of an administrative hearing before an independent hearing examiner ensures that the administrative adjudication will be conducted in accordance with notions of due process including a fair and unbiased tribunal. Further, Dollar Loan does not claim irreparable harm will flow from any delay in finishing the administrative process

that was already underway. Finally, as pointed out above, it is necessary (not futile) to develop an evidentiary record in a formal contested case hearing. Without the development of a factual record that includes the Division's examinations, meaningful judicial review of the legality of Dollar Loan's lending practices and new loan product would not be possible.[4]

*b) Immediately Reviewable Intermediate Agency Decision*

[¶25.]        Dollar Loan alternatively argues the order is immediately reviewable as an intermediate agency decision because "review of the final agency decision would not provide an adequate remedy." *See* SDCL 1-26-30. It contends that requiring it to go through an administrative hearing "hardly serves as an adequate remedy" because Afdahl, as the agency's director, would make the final agency decision and he has already revoked Dollar Loan's money lender licenses.

[¶26.]        The Division, however, argues the Secretary of the Department of Labor and Regulation, not the Division director, will review the independent hearing examiner's findings and conclusions and ultimately render the final agency decision.[5] The Division acknowledges it is statutorily responsible for licensing, but it points out that under SDCL 51A-2-1, "[t]he Division of Banking . . . shall be administered under the direction and supervision of the Department of Labor and

---

4.    Dollar Loan contends a record is not needed to determine the legality of the pre-hearing revocation portion of the order. But that contention fails to recognize that Dollar Loan also asserted a substantive claim in its appeal of the order. Dollar Loan argued it did not violate SDCL chapter 54-4 and that the order was clearly erroneous and an abuse of discretion in light of the entire record. We conclude an evidentiary record will be necessary to judicially review the substantive validity of the order.

5.    *See* SDCL 1-26D-6.

Regulation." Dollar Loan acknowledges the Secretary's administrative responsibility but points to a companion statute, SDCL 51A-2-2, which clarifies that the Division of Banking retains its "quasi-judicial" functions and that it "shall exercise those functions independently of the secretary [of the Department of Labor and Regulation]."

[¶27.] We need not decide which official within the Department of Labor and Regulation will accept, reject, or modify the independent hearing examiner's decision following the administrative hearing. On this record, even if the Division of Banking makes the final decision, it cannot be considered unconstitutionally biased. The Division's order was based on its statutory duty to investigate lenders and take action on their licenses, and Dollar Loan makes no due process claim with respect to the Division's investigation. Moreover, although the Division initially failed to offer Dollar Loan a pre-revocation hearing, it quickly reversed course and initiated such a hearing before an independent hearing examiner. Finally, we believe the hearing examiner's and circuit court's respective reviews of the Division's order (based on the evidence developed at the independent hearing) will provide Dollar Loan an adequate remedy within the meaning of SDCL 1-26-30. The Division's order was not an intermediate agency ruling that was immediately reviewable.

[¶28.] Affirmed.

[¶29.] GILBERTSON, Chief Justice, and KERN, JENSEN, and SALTER, Justices, concur.